# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–11–617

| | | |
|---|---|---|
| DANIEL WEAVER | | **Opinion Delivered** January 15, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. CR–2010-439-(II)] |
| V. | | |
| | | |
| STATE OF ARKANSAS | | HONORABLE MICHAEL MEDLOCK, JUDGE |
| | APPELLEE | |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**DAVID M. GLOVER, Judge**

This "no-merit" appeal returns to us for the third time. We ordered rebriefing in *Weaver v. State*, 2012 Ark. App. 446, and again in *Weaver v. State*, 2013 Ark. App. 310. With this opinion, we yet again order rebriefing and deny counsel's motion to withdraw.

As explained in our earlier opinions, Daniel Weaver was tried by a jury and found guilty of the offense of rape. He was sentenced to twenty-nine years in the Arkansas Department of Correction. His attorney has filed this most recent brief purportedly prepared pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. Mr. Weaver continues to exercise his right to file pro se points for reversal. We return the case to Weaver's counsel for rebriefing because the requirements of *Anders*, *supra*, and our Rule 4–3(k) have still not been satisfied. Counsel has not listed and addressed all of the adverse rulings in this case, explaining how each

such ruling could provide no meritorious grounds for appeal, as required by *Anders*, *supra*, and our Rule 4-3(k).

Counsel is again advised to thoroughly review the *Anders* case and our Rule 4-3(k) concerning the requirements for submitting a no-merit brief. Our mention in earlier opinions of particular adverse rulings that were not addressed does not in any way mean that there are no other adverse rulings that were omitted or that the record has been adequately abstracted, the addendum properly prepared, or the issues properly addressed. It is counsel's responsibility to comply with the requirements for submitting a no-merit brief.

As we previously explained:

> Further, in *Weaver*, *supra*, we cautioned counsel that he is obligated in a no-merit brief to list *every* adverse ruling and explain how each ruling could provide no meritorious grounds for appeal. "Every adverse ruling" includes not only original motions that were denied, but also denials of any renewals of motions (for example, trial arguments that evidence presented had opened the door for reconsideration of the original motion). In *Sartin v. State*, 2010 Ark. 16, at 1, 362 S.W.3d 877, 878, we certified the following question to our supreme court: "whether a single omission from a no-merit brief necessarily requires rebriefing." The supreme court held that it does.

*Weaver*, 2013 Ark. App. 310, at 2–3. Our independent review of the record continues to demonstrate that several adverse rulings have again been omitted.

Counsel's substituted brief, abstract, and addendum are due within fifteen days from the date of this decision. We express no opinion as to whether the substituted brief should be submitted pursuant to Rule 4-3(k) or on meritorious grounds. If a no-merit brief is filed, counsel's motion to withdraw and brief will be forwarded by our clerk to Mr. Weaver so that, within thirty days, he will again have the opportunity to raise any points he so chooses. Ark. Sup. Ct. R. 4-3(k)(2) (2013). Also, the State shall be afforded the opportunity to file a

responsive brief.  Ark. Sup. Ct. R. 4–3(k)(3).

We inform counsel that repeated future failure to comply with the requirements for filing a no-merit brief outlined in *Anders*, *supra*, and our Rule 4–3(k) will be referred to the Committee on Professional Conduct.

Rebriefing ordered; motion to withdraw denied.

WALMSLEY and VAUGHT, JJ., agree.

*Van Buskirk Law Firm*, by: *James M. Van Buskirk*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.