# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-12-1080

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** January 15, 2014 |
| ALAN LEE HOOTEN | | APPEAL FROM THE SEBASTIAN |
| | APPELLANT | COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR-1996-372] |
| V. | | |
| | | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE; REBRIEFING ORDERED |

## JOHN MAUZY PITTMAN, Judge

Appellant, Alan Lee Hooten, pled guilty in 1997 to a Class "C" felony violation of the Arkansas Hot Check Law. He was fined $50, ordered to pay court costs of $150, and ordered to pay restitution in the amount of $4248.62 in $100 monthly installments. Imposition of any sentence to imprisonment was suspended for three years upon various conditions, including requirements that appellant not commit any violations of the law; that he pay the ordered fine, costs, and restitution; and that he report to a probation officer for the first two years of his suspension. In 2010, the prosecuting attorney filed a petition to revoke appellant's suspended sentence, alleging that he had failed to pay the fine, costs, and restitution. After a 2012 hearing, the trial court found that appellant had inexcusably violated the conditions of his suspension, revoked the suspension, and sentenced appellant to two

years in the Arkansas Department of Correction with any additional sentence suspended for a period of eight years.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(k), appellant's attorney has filed a motion to be relieved as counsel on grounds that the appeal is wholly without merit. Accompanying her motion is an abstract and addendum of the proceedings below and a brief in which she purportedly discusses any issue that might be raised on appeal. Because we find counsel's filing deficient, we deny her motion without prejudice and order that counsel file a substituted abstract, brief, and addendum.

Rule 4–3(k)(1) provides that:

> Any motion by counsel for a defendant in a criminal or a juvenile delinquency case for permission to withdraw made after notice of appeal has been given shall be addressed to the Court, shall contain a statement of the reason for the request and shall be served upon the defendant personally by first-class mail. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and Addendum. The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and Addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court.

Here, counsel's abstract, brief, and addendum fail to comply with Rule 4–3(k) in several respects. First, the State's case-in-chief consisted entirely of two exhibits that were admitted without objection. However, the exhibits are neither included in the addendum nor discussed in the brief.

Next, the argument section of the brief notes that one potential issue for appeal is the sufficiency of the evidence to support the revocation. However, the brief does nothing more

than state that the trial court found a violation, state this court's standard of review on appeal, and conclude that the trial court's decision is adequately supported by the evidence. There is no discussion of the evidence against appellant or any mention of the ground on which the trial court's decision was based.

Moreover, this case requires some consideration and discussion by appellant's attorney of the legality of appellant's sentence, which is an issue that can be raised for the first time on appeal. First, although abstracted, counsel fails to discuss the objection made at the close of the hearing to the State's delay in moving to revoke appellant's suspension. Appellant noted, *inter alia*, that appellant's three-year suspension had expired some ten years before the petition to revoke was filed. *See* Ark. Code Ann. § 16-93-308(d) (Supp. 2013) (formerly Ark. Code Ann. § 5-4-309(d) (Supp. 2009)); *but see* Ark. Code Ann. § 16-93-311 (Supp. 2013) (formerly Ark. Code Ann. § 5-4-303(h)(2) (Supp. 2009)). Additionally, we note that the 1997 order in this case stated that appellant was given both a suspension and probation. While mixing the two concepts is ordinarily nonprejudicial (at least where, as in the original order in this case, supervision by a probation officer is not ordered to occur following service of a prison sentence), there is caselaw holding that a trial court cannot order both probation and a suspended sentence for the same offense. *See Culpepper v. State*, 268 Ark. 263, 268–69, 595 S.W.2d 220, 223 (1980); *Sisk v. State*, 81 Ark. App. 276, 279–80, 101 S.W.3d 248, 250–51 (2003).

We note that the list of deficiencies in counsel's brief mentioned here is not necessarily an exhaustive one. We encourage appellant's attorney to review our rules prior to filing the

substituted abstract, brief, and addendum and to rectify any deficiencies or inaccuracies in addition to those that we have mentioned specifically.

Motion to withdraw denied without prejudice; rebriefing ordered.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Camille Edmison-Wilhelmi*, for appellant.

No response.