# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-159

| | | |
|---|---|---|
| JASON DOVE | | **Opinion Delivered** January 15, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR2011-1131, CR2011-1219] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## BILL H. WALMSLEY, Judge

Appellant Jason Dove appeals from the revocation of his probation. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k)(1),[1] appellant's counsel has filed a no-merit brief and a motion to withdraw. We are unable to consider the appeal at this time and order rebriefing.

On November 22, 2011, appellant pleaded guilty to one count of residential burglary in case CR-2011-1131 and one count of residential burglary in case CR-2011-1219. In CR-2011-1131, he was sentenced to ten years' probation. In CR-2011-1219, he was sentenced to two years' probation. On May 23, 2012, the State filed a petition to revoke in

---

[1]Counsel has failed to include these citations in his brief. In *Hollins v. State*, 2013 Ark. App. 695, we informed this attorney that such a failure would result in no-merit briefs being uniformly returned for rebriefing. In the present appeal, counsel's brief and motion were submitted prior to *Hollins* being decided. We order rebriefing on other grounds and direct counsel to include these citations in his substituted brief and motion.

both cases. After a hearing, the circuit court found that appellant had violated his probation by committing the offenses of fleeing, theft of property, and breaking or entering. Upon revocation, appellant was sentenced to ten years' imprisonment in both cases to run concurrently.

Counsel asserts that the trial court did not commit error in overruling appellant's objections or in denying his motion for directed verdict. However, counsel has failed to address all of the adverse rulings. Rule 4–3(k)(1) provides, in part, that

> The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and Addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court.

Counsel did not abstract the testimony of appellant's probation officer, Constance Brown. Although the circuit court did not base its revocation decision on the violations Brown testified about, three adverse rulings occurred during Brown's testimony. Appellant made two objections that were overruled regarding the admission of his probation file. Appellant's objection to a question the State asked Brown was also overruled. A no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1) and must be rebriefed. *Dorsey v. State*, 2010 Ark. App. 742. Counsel has fifteen days from the date of this opinion in which to file a substituted brief. Ark. Sup. Ct. R. 4-2(b)(3). The briefing deficiencies set forth in our opinion are not to be taken as an exhaustive list, and we urge counsel to carefully examine the record and review the rules before resubmitting a brief.

Rebriefing ordered; motion to withdraw denied.

GLOVER and VAUGHT, JJ., agree.

*C. Brian Williams*, for appellant.

No response.