# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-180

| | |
|---|---|
| | **Opinion Delivered** January 15, 2014 |
| CHRISTOPHER C. CORY<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-10-1108] |
| V. | |
| | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**BRANDON J. HARRISON, Judge**

On 30 September 2010, Christopher Cory pled guilty to theft by receiving and received a sentence of thirty-six months' probation. A petition to revoke his probation was filed 6 August 2012, alleging failure to pay fines, costs, and fees as directed; failure to report to probation as directed; failure to pay probation fees; and failure to notify sheriff and probation of his current address and employment. After a hearing, his probation was revoked, and he was sentenced to twenty-four months' imprisonment and five years' suspended imposition of sentence. Cory's counsel has filed a brief suggesting that there is no merit to this appeal and that the revocation should be affirmed. We cannot reach the merits of this appeal because counsel has deficiencies in his brief.

As allowed by Rule 4-3 of the Rules of the Arkansas Supreme Court and Court of Appeals, Cory's counsel has filed what is characterized as a no-merit brief and a motion asking

to withdraw as counsel. A request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4–3(k)(1). Counsel's brief must contain an argument section that lists all the circuit court's adverse rulings and explains why each adverse ruling is not a meritorious ground for reversal. *Id.* To further protect the constitutional rights of an appellant like Cory, both counsel and this court must fully examine the lower court proceedings as a whole to determine if an appeal would be wholly frivolous. *Walton v. State*, 94 Ark. App. 229, 228 S.W.3d 524 (2006).

We hold that counsel's brief is deficient for several reasons. First, counsel has failed to follow the "framework" for no-merit appeals or to cite Rule 4–3 in his brief. And while counsel's motion to withdraw does state that the appeal is "wholly without merit," it cites Rule 4–3(j), which governs the preparation of briefs for indigent appellants. Rule 4–3(k) is the applicable rule. The brief also violates the requirements of Rule 4–2, which requires that all *material* parts of the transcript in the record be abstracted (emphasis added). In this case, the abstract contains portions that are not relevant to this appeal and are from an entirely different case.

Due to these deficiencies, we deny counsel's motion to withdraw, and we remand for rebriefing. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4–2(b)(3). The deficiencies we have noted should not be considered as an exhaustive list, and counsel is encouraged to review *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Arkansas Rules of the Supreme Court

and Court of Appeals for the requirements of a no-merit brief.

Rebriefing ordered; motion to withdraw denied.

GRUBER and WOOD, JJ., agree.

*C. Brian Williams*, for appellant.

No response.