

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-13-257

| | |
|---|---|
| TIMOTHY ALLEN FIVEASH | **Opinion Delivered** February 19, 2014 |
| APPELLANT | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. CR2012-149-4] |
| V. | |
| STATE OF ARKANSAS | HONORABLE ROBERT McCORKINDALE, II, JUDGE |
| APPELLEE | MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

Timothy Allen Fiveash appeals from his Boone County Circuit Court convictions for driving on a suspended license, careless or prohibited driving, failure to wear a seat belt, no license tags, no proof of liability insurance, and obstruction of government operation.[1] Counsel for Fiveash has filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4-3(k) on the ground that an appeal would be wholly without merit. Because counsel has failed to abstract and address a hearsay objection made at trial, we must order rebriefing.

---

[1]These charges were tried together with a first-offense DWI charge and a careless–and–prohibited–driving charge stemming from a separate incident. Fiveash was also convicted on those charges. An appeal of those convictions is pending in companion case, *Fiveash v. State*, 2014 Ark. App. ___ (CR–13–251).

SLIP OPINION

Appellate counsel has filed a brief with this court stating that no evidentiary objections were made at trial. However, our independent review of the record reveals that defense counsel made an objection on hearsay grounds to testimony elicited by the State from Trooper Billy Martin of the Arkansas State Police. The State argued that the testimony was not being introduced for the truth of the matter asserted and, therefore, did not constitute hearsay. The trial court overruled the objection. Counsel has failed to abstract this adverse ruling or explain why it has no merit.

Our Rule 4–3(k), which is based on *Anders v. California*, 386 U.S. 738 (1967), sets forth the framework for constitutionally permissible no-merit briefs. In order to satisfy Rule 4–3(k) and the framework set forth in *Anders*, counsel is required to file an abstract and addendum of the proceedings below, including all objections and motions decided adversely to appellant, and a brief in which counsel explains why there is nothing in the record that would support an appeal. A no-merit brief that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1) and must be rebriefed. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

Because counsel has failed to properly abstract and address all adverse rulings as required under our rules, we order counsel to cure the deficiency by filing a substituted brief, abstract, and addendum within fifteen days from the date of this opinion. Ark. Sup. Ct. R. 4–2(b)(3) (2013). The deficiency we have noted is not to be taken as an exhaustive list. We encourage counsel, prior to filing a substituted brief, to examine Rules 4-2 and 4-3 to ensure



that he has complied with our rules and that no additional deficiencies are present. *Wells v. State*, 2012 Ark. App. 151.

Motion to withdraw denied; rebriefing ordered.

HARRISON and WOOD, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellant.

No response.