SLIP OPINION



Cite as 2014 Ark. App. 124

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-13-251

| | |
|---|---|
| | **Opinion Delivered** February 19, 2014 |
| TIMOTHY ALLEN FIVEASH<br>APPELLANT | APPEAL FROM THE BOONE COUNTY CIRCUIT COURT [NO. CR-2012-112-3] |
| V. | |
| | HONORABLE ROBERT MCCORKINDALE, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | REBRIEFING ORDERED; MOTION TO BE RELIEVED DENIED |

## BRANDON J. HARRISON, Judge

Timothy Fiveash was found guilty by a jury of driving while intoxicated and careless or prohibited driving.[1] On appeal, Fiveash's counsel argues that there are no meritorious grounds for appeal and asks to be relieved as appellate counsel. Because counsel has failed to comply with the requirements of Rule 4-3(k) of the Arkansas Rules of the Supreme Court, we deny the motion to be relieved and order rebriefing.

Fiveash was charged with driving while intoxicated and careless or prohibited driving after his vehicle spun out of control and landed in a ditch on State Highway 392. At a jury trial held in November 2012, Arkansas State Police Officer Billy Martin testified that he responded to the accident and spoke with Fiveash, whose eyes were "completely glassed

---

[1]These charges were tried together with several other charges, including driving on a suspended license, careless or prohibited driving, and failure to wear a seat belt, that stemmed from a separate incident. An appeal of his conviction on those charges is pending in companion case CR-13-257.

over." Martin also administered two field-sobriety tests, which Fiveash "performed very poorly." The jury found Fiveash guilty of driving while intoxicated, for which he received a sentence of ninety days' imprisonment and a $1000 fine, and careless or prohibited driving, for which he received a $100 fine. The court entered a sentencing order on 19 December 2012, and this timely appeal followed.

Fiveash's attorney has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(k) (2013), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit for an appeal. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1) (2013).

Counsel did not abstract a ruling during the trial that was adverse to Fiveash. During Martin's testimony, Fiveash raised an objection on hearsay grounds that was overruled by the court. This adverse ruling is neither abstracted nor discussed in the argument section of the brief filed by counsel. Our supreme court has held that the failure to abstract and discuss any adverse ruling in an *Anders* brief necessitates rebriefing. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877. So, we deny the motion to be relieved as counsel without prejudice and direct counsel to submit a substituted abstract and brief correcting this as well as any other deficiencies within fifteen days from the date of this opinion.

Rebriefing ordered; motion to be relieved denied without prejudice.
WHITEAKER and WOOD, JJ., agree.
*Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellant.
No response.