SLIP OPINION

Cite as 2014 Ark. 255

# SUPREME COURT OF ARKANSAS

No. CR-13-775

| | | |
|---|---|---|
| IVOR GORDON | | **Opinion Delivered** May 29, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | | [NO. 60CR-12-622] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD; REBRIEFING ORDERED. |

## PER CURIAM

Appellant Ivor Gordon was convicted by a Pulaski County jury of one count of capital murder and one count of criminal attempt – capital murder and was sentenced to serve life without parole and life, respectively. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's attorney has filed a motion to withdraw as counsel on the ground that an appeal would be wholly without merit and a brief purporting to list all adverse rulings and explaining why each adverse ruling is not a meritorious ground for reversal. Additionally, appellant filed pro se points on appeal.

The record on appeal was initially lodged on September 6, 2013. Subsequently, appellant filed a motion to treat the copy of the trial transcript as an original for purposes of

appeal, alleging that the record was lost after it had been checked out for the purpose of abstracting the record. This court denied this motion on February 13, 2014, and issued a writ of certiorari to settle the record. The writ was returned with a certificate from the Pulaski County Circuit Court Clerk stating, "THAT I HAVE MADE OUT AND CERTIFIED A FULL, TRUE AND COMPLETE TRANSCRIPT OF DIMINUTION WITHIN SUGGESTED, WHICH IS HERETO ATTACHED." The attached index includes a number of exhibits and lists the record page number that identified when the exhibits were received into evidence during the trial and the record page number at which the exhibits are appended. However, the pages that should contain the appended exhibits are completely blank with the exception of the stamped page number. The exhibits included CDs of statements made by appellant to the detectives that were played before a jury, as well as a transcript of those recordings that was admitted into evidence. Furthermore, photographs, jury verdict forms, and jury instruction forms are only recorded as blank pages with stamped page numbers. Therefore, we must remand this case to settle and supplement the record in accordance with Arkansas Rule of Appellate Procedure–Civil 6(e) (2013), as applicable through Arkansas Rule of Appellate Procedure–Criminal 4(a) (2013).

Additionally, appellant's brief fails to mention the blank pages of the record and, in fact, includes copies of some of the missing exhibits and forms in his addendum, but he fails to include copies of the CDs in his addendum or abstract the statements made on the CDs. Yet, counsel maintains in the argument section that even if there had been any evidentiary errors during trial, any error would be harmless in light of the detailed confession, which we

are only to assume is contained in these missing exhibits. After the supplemental record is filed, appellant shall file a substituted brief that complies with the rules. *See* Ark. Sup. Ct. R. 4-2; Ark. Sup. Ct. R. 4-3. We strongly encourage appellant to review the rules and to ensure that no other deficiencies are present prior to filing the substituted brief. Thus, we are remanding this case to settle and supplement the record within thirty (30) days of the date of this opinion and ordering rebriefing. Upon supplementation, the clerk is to establish a new briefing schedule.

Remanded to settle and supplement the record; rebriefing ordered.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.