2014 Ark. App. 383

**Frederick RAINEY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–13–724.**

Court of Appeals of Arkansas.

June 18, 2014.

Vicky B. Cooper, El Dorado, for appellant.

No response.

BRANDON J. HARRISON, Judge.

Frederick Rainey appeals from his conviction on two counts of breaking or entering and two counts of theft of property. On appeal, Rainey's counsel argues that there are no meritorious grounds for appeal and asks to be relieved as counsel. Rainey was provided with a copy of counsel's motion and brief and was informed of his right to submit pro se points for reversal in accordance with Rule 4–3(k)(2) of the Arkansas Rules of the Supreme Court; Rainey did not file pro se points for reversal. Because counsel has failed to comply with the requirements of Rule 4–3(k), we deny the motion to withdraw and order rebriefing.

In February 2012, Richard Scallion reported a number of items stolen from his property in Cleveland County, including a four-wheeler, two weedeaters, a chainsaw, and a number of tools. Also in February 2012, Willie Livingston reported several items stolen from his property in Cleveland County, including two lawnmowers, a ten-foot trailer, numerous tools, and a 1969 antique Dodge truck. Rainey was charged in connection with these thefts in May 2012; at a jury trial, held in May 2013, the State presented its evidence against Rainey, including the testimony of his cousin, Evines Rainey, Jr. Evines, who had already pled guilty to two counts of breaking or entering and two counts of theft of property, testified that he and Rainey had committed the crimes together.

In his motion for directed verdict, Rainey argued that Evines's testimony was not sufficiently corroborated, but the circuit court found that there was "adequate, though very slight, corroborating evidence" such that the motion would be denied. The motion was renewed at the close of all the evidence and again denied. The jury found Rainey guilty on all counts, and he was sentenced to four years' imprisonment on each count, to run consecutively. A timely appeal followed.

Rainey's attorney has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Ark. Sup.Ct. R. 4–3(k) (2013), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit for an appeal. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief that contains a list of all rulings adverse to appellant and an expla-

nation as to why each ruling is not a meritorious ground for reversal. Ark. Sup.Ct. R. 4–3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.*

A conviction cannot be upheld in any felony case if the conviction is based on the testimony of an accomplice, unless there is additional, corroborating evidence that tends to connect the defendant with the commission of the offense. *See* Ark.Code Ann. § 16–89–111(e)(1)(A) (Supp.2013). The corroboration is insufficient if it merely shows that the offense was committed and the circumstances thereof. Ark.Code Ann. § 16–89–111(e)(1)(B).

Corroborating evidence must be substantial in nature given that it must be directed toward connecting the accused with the crime, and not directed toward corroborating the accomplice's testimony. *See, e.g., MacKool v. State,* 365 Ark. 416, 231 S.W.3d 676 (2006). Circumstantial evidence may be used to support accomplice testimony—but it, too, must be substantial. *Id.* Corroborating evidence need not, however, be so substantial in and of itself to sustain a conviction. *Id.* It must, however, be independent of the accomplice's testimony and tend (in some degree) to connect the defendant with the crime. *Id.* The legal litmus test for corroborating evidence is whether, if the testimony of the accomplice was totally eliminated from the case, the remaining evidence independently establishes the crime and tends to connect the accused with its commission. *Id.*

Here, counsel correctly asserts that the only adverse ruling below was the court's denial of Rainey's motion for directed verdict. But counsel does not explain why this adverse ruling is not a meritorious ground for reversal. No mention is made of the standard of review for corroborating evidence. Instead, the brief merely makes conclusory statements that "the trial [c]ourt correctly ruled that there was adequate, although slight, corroborating evidence which was sufficient to get the case to the jury" and "the state met its burden of proof."

In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the trial court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Williams v. State,* 2013 Ark. App. 323, 2013 WL 2112203. In this case, we conclude that counsel's brief fails to comply with Rule 4–3(k) and order rebriefing. We express no opinion as to whether the new appeal should be on the merits or should be made pursuant to Ark. Sup.Ct. R. 4–3(k)(1). If a no-merit brief is filed, counsel's motion and brief will be forwarded by the clerk to appellant so that, within thirty days, he may again raise any points he chooses in accordance with Ark. Sup.Ct. R. 4–3(k)(2).

Rebriefing ordered; motion to withdraw denied.

GRUBER and WOOD, JJ., agree.