

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR-14-294

| | |
|---|---|
| DEWAYNE CURTIS WRIGHT<br>APPELLANT | **Opinion Delivered** December 17, 2014 |
| V. | APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT [NO. CR-12-98] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE EDWIN KEATON, JUDGE |
| | REBRIEFING ORDERED; MOTION TO WITHDRAW AS COUNSEL DENIED |

**PHILLIP T. WHITEAKER, Judge**

Dewayne Curtis Wright appeals from his Ouachita County Circuit Court convictions for aggravated robbery, theft of property, and third-degree battery. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k), appellant's counsel has filed a motion to be relieved as counsel, stating that there are no nonfrivolous issues to present on appeal. The motion was accompanied by an abstract and addendum of the proceedings below that purportedly included all objections and motions decided adversely to appellant, and a brief in which counsel attempts to explain why there is nothing in the record that would support an appeal. We conclude, however, that counsel's no-merit brief is not in compliance with *Anders* and Rule 4–3(k); therefore, we order rebriefing.

We first note that, in his directed-verdict motion, trial counsel made several specific arguments related to the sufficiency of the evidence of the crimes for which appellant was charged. Yet, instead of addressing these specific arguments, appellate counsel simply recited the evidence presented below, quoted the statutory language for each criminal offense, and made a conclusory assertion that the evidence presented was sufficient. For example, with respect to the theft-of-property count, trial counsel specifically argued that, because the victim's stolen refund check was subsequently voided and was totally worthless, there was insufficient evidence that the property stolen had a value of over $5,000 for purposes of a class C felony theft-of-property conviction. Appellate counsel, however, does not address this specific argument in his brief, nor does he inform the court why this argument would have no merit. This is not sufficient.

Additionally, counsel has failed to abstract and address an adverse ruling issued during the sentencing phase of the trial. Trial counsel requested that Wright's sentences be run concurrently rather than consecutively. The trial court denied the request and ran Wright's sentences for aggravated robbery and theft of property consecutively. Regardless of whether this argument would have any merit, it is an adverse ruling that must be addressed pursuant to *Anders*, *supra*, and Rule 4-3(k).

The briefing deficiencies set forth in this opinion are not to be taken as an exhaustive list, and counsel should thoroughly familiarize himself with the requirements of Rule 4-3(k) and with no-merit case law before refiling his brief to ensure no further deficiencies are present. Counsel's substituted brief, abstract, and addendum are due within fifteen days from

SLIP OPINION

the date of our decision. Ark. Sup. Ct. R. 4-2(b)(3) (2014). By this ruling, we are not expressing any opinion as to whether the new brief should be filed pursuant to Rule 4–3(k)(1) or should be filed asserting meritorious grounds for reversal. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to appellant so that, within thirty days, he again will have the opportunity to raise any points he so chooses in accordance with Ark. Sup. Ct. R. 4-3(k)(2). In either instance, the State shall be afforded the opportunity to file a responsive brief.

Rebriefing ordered; motion to withdraw as counsel denied.

GLADWIN, C.J., and HIXSON, J., agree.

*N. Mark Klappenbach*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.