SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14–560

| | |
|---|---|
| JEFFREY PAUL WHITTIER<br>APPELLANT | **Opinion Delivered** March 11, 2015 |
| V. | APPEAL FROM THE SALINE<br>COUNTY CIRCUIT COURT<br>[NO. 63CR-11-662-4] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBERT HERZFELD,<br>JUDGE |
| | REBRIEFING ORDERED; MOTION<br>TO WITHDRAW DENIED |

## CLIFF HOOFMAN, Judge

Appellant Jeffrey Paul Whittier was convicted of failure to appear, and he was sentenced by the Saline County Circuit Court to 119 months' imprisonment and a $10,000 fine. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court, Whittier's counsel has filed a motion to withdraw, alleging that this appeal is wholly without merit, and a brief in which he contends that all adverse rulings are abstracted and discussed. Whittier has also exercised his right to file pro se points for reversal, in which he argues that his sentence is too harsh and should be reduced. We deny counsel's motion to withdraw and order rebriefing.

By amended information filed on December 4, 2013, Whittier was charged with possession/distribution of child pornography, failure to appear at a hearing on that charge on March 26, 2012, and failure to register as a sex offender. The child-pornography and failure-

to-register charges were nolle prossed by the State, and after a bench trial, Whittier was found guilty of failure to appear, a Class C felony. He was sentenced by the circuit court to 119 months' imprisonment, a $10,000 fine, and restitution for the costs associated with transporting him back to this state.

The sentencing order was entered on January 6, 2014, and Whittier's trial counsel filed a motion to reduce his sentence, claiming that it was unduly harsh under the circumstances. Whittier also filed a pro se petition to correct an unlawful sentence, arguing that the circuit court was without jurisdiction to convict him of failure to appear where the original charge was subsequently dismissed after his motion to suppress was granted. After a hearing held on February 28, 2014, the circuit court denied both motions. A written order to that effect was entered the same date. Whittier then filed a timely notice of appeal from the sentencing order and the denial of his posttrial motions.

Stating that there would be no merit to an appeal, Whittier's counsel has filed a motion to withdraw and a no-merit brief with this court, in which he alleges that all adverse rulings have been abstracted and discussed in accordance with Arkansas Supreme Court Rule 4-3(k) (2014). Counsel correctly asserts that the only rulings adverse to Whittier were the denial of his posttrial motions, as he did not move to dismiss the failure-to-appear charge based on insufficient evidence, and there were no other adverse rulings at the bench trial. However, we must deny counsel's motion to withdraw and order rebriefing, as he has failed to abstract relevant testimony and include all adverse rulings in his abstract and addendum.

Although the record reflects that there was a February 28, 2014 hearing on Whittier's

posttrial motions, counsel has failed to abstract any portion of that hearing, including the circuit court's oral ruling denying the motions. Counsel has also failed to include in the addendum Whittier's pro se petition to correct his unlawful sentence and the circuit court's written order denying the posttrial motions. In a criminal no-merit appeal, in order to comply with Arkansas Supreme Court Rule 4–3(k)(1) and *Anders*, *supra*, counsel is required to abstract and discuss every adverse ruling, and we must order rebriefing if counsel fails to do so. *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

Because the no-merit brief in this case is deficient, we order counsel to file a substituted abstract, brief, and addendum within fifteen days from the date of this opinion. Ark. Sup. Ct. R. 4–2(b)(3) (2014). The deficiencies noted above should not be taken as an exhaustive list, and we encourage counsel to review the requirements contained in Rule 4–3(k)(1) prior to filing a substituted brief. We express no opinion as to whether the new appeal should address the merits or should be made pursuant to Rule 4–3(k)(1). If a no-merit brief is filed, counsel's motion and brief will be forwarded by the clerk to Whittier so that, within thirty days, he will again have the opportunity to raise any points he chooses in accordance with Arkansas Supreme Court Rule 4–3(k)(2). In either instance, the State shall be afforded the opportunity to file a brief in response.

Rebriefing ordered; motion to withdraw denied.

ABRAMSON and HIXSON, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.