

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–364

| | |
|---|---|
| DELBERT RAYMOND PRICE<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** March 11, 2015<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CR–2013-1576-1]<br><br>HONORABLE WILLIAM A. STOREY, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**DAVID M. GLOVER, Judge**

Delbert Price was tried by the court as a habitual offender and found guilty of the offense of theft of a rented vehicle. He was sentenced to thirty years in the Arkansas Department of Correction, with twenty-four years of the sentence suspended. A notice of appeal was timely filed. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Price's counsel has filed a motion to withdraw, accompanied by an abstract, addendum, and brief, contending that there are no meritorious grounds for appeal. The clerk of our court mailed a certified copy of counsel's motion and brief to Price in accordance with Supreme Court Rule 4-3(k)(2), informing him of his right to file pro se points for reversal. Price has not filed any points. We deny the motion to withdraw and return the case to Price's counsel for

rebriefing because the requirements of *Anders*, *supra*, and our Rule 4–3(k) have not been satisfied.

An attorney attempting to withdraw from a criminal appeal is obligated to list every adverse ruling and explain how each ruling could provide no meritorious grounds for reversal. *Weaver v. State*, 2013 Ark. App. 310. Even a single omission from a no-merit brief necessarily requires rebriefing. *Id.* Here, counsel has discussed the denials of his motions for directed verdict, but he has addressed the remaining adverse rulings by stating, "No other substantive objections or motions were made at trial." That is not sufficient. There are several adverse rulings that were not addressed by counsel in his brief. Substantive or not, all adverse rulings must be addressed.

Counsel is directed to file a substituted abstract, brief, and addendum within fifteen days from the date of this opinion, and, before doing so, we strongly encourage counsel to carefully review the rules and *Anders*, *supra*, to ensure that no other deficiencies exist.

Rebriefing ordered; motion to withdraw denied.

VIRDEN and GRUBER, JJ., agree.

*Camille Edmison-Wilhelmi*, for appellant.

No response.