SLIP OPINION

Cite as 2015 Ark. 191

# SUPREME COURT OF ARKANSAS

No. CR-13-775

| | | |
|---|---|---|
| IVOR GORDON | | **Opinion Delivered** May 7, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 60CR-12-622] |
| | | |
| STATE OF ARKANSAS | | HONORABLE LEON JOHNSON, |
| | APPELLEE | JUDGE |
| | | |
| | | <u>REBRIEFING ORDERED</u>. |

## PER CURIAM

Appellant Ivor Gordon was found guilty by a Pulaski County jury of one count of capital murder and one count of criminal attempt—capital murder, and he was sentenced to concurrent sentences of life without parole and life, respectively. Gordon was found guilty of committing a crime in the presence of a child and committing a crime with a firearm and was sentenced to concurrent ten- and fifteen-year sentences to run consecutive to his life sentences. Pursuant to Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals and *Anders v. California*, 386 U.S. 738 (1967), Gordon's attorney filed a motion to withdraw as counsel and a no-merit brief. Additionally, Gordon filed pro se points on appeal, and the State filed a brief in response. On May 29, 2014, we issued an opinion remanding the case to the circuit court to settle and supplement the record and ordering Gordon's counsel to file a substituted brief. *See Gordon v. State*, 2014 Ark. 255 (per curiam). The record has been settled and supplemented, and counsel has filed a substituted brief that

is now before this court. Because we conclude that counsel's substituted brief fails to comply with Rule 4-3(k)(1), we order rebriefing.

A brief accompanying an attorney's request to withdraw from appellate representation of a criminal defendant on the ground that the appeal is wholly without merit shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1).

Here, counsel lists a number of rulings adverse to Gordon and purports to explain why none of the rulings provide a meritorious ground for reversal. For example, counsel lists eight adverse rulings that occurred during trial, and then states,

> Counsel for Gordon agrees that some of the objections made by the State and sustained by the circuit court were appropriate. Some of the objections did not harm Gordon, especially those involving "leading," and others made primarily as "form" over substance. Of the remaining, it does not appear to Counsel that any of the adverse rulings amounted to an "abuse of discretion," the standard of review for this Court. *James v. State*, 2010 Ark. 486, 372 S.W.3d 800 (2010). In any event, all would be harmless in light [of] Gordon's explicitly detailed confession (R. 587–628, Add. 16–56), and the State's corroboration of the confession via introduction of evidence during its case-in-chief. *Wells v. State*, 2013 Ark. 389, ___ S.W.3d ___.

Because counsel makes vague references to "some" of the rulings and "the remaining" rulings, we are left to wonder *which* rulings counsel believes were appropriate and *which* rulings counsel believes did not amount to an abuse of discretion. Moreover, although counsel concludes that *all* of the adverse rulings would be harmless "in light [of] Gordon's explicitly detailed confession and the State's corroboration of the confession via introduction

of evidence during its case-in-chief," counsel fails to discuss the details of the confession, and he fails to discuss the evidence introduced by the State that corroborated the confession. It is clear from a partial reproduction of the no-merit argument that counsel has failed to include for each adverse ruling a discussion citing relevant law and facts to explain *why* each ruling does not provide a meritorious ground for reversal.

Because the brief in this case is deficient, we order counsel to file a substituted brief within fifteen days from the date of this opinion. *See* Ark. Sup. Ct. R. 4-2. In ordering rebriefing, we express no opinion as to whether the substituted brief should be filed pursuant to Rule 4-3(k) and *Anders* or should be filed asserting meritorious grounds for reversal. If a no-merit brief is filed, counsel's motion and brief will be forwarded by the clerk of this court to Gordon so that he again will have the opportunity to raise any points that he chooses. *See* Ark. Sup. Ct. R. 4-3(k)(2). In either instance, the State shall be afforded the opportunity to file a responsive brief. Finally, we strongly encourage counsel, before filing the substituted brief, to review our rules and the substituted brief to ensure that no additional deficiencies are present, as any subsequent rebriefing order in this criminal matter may result in a referral to the Committee on Professional Conduct. *See, e.g.*, *Lee v. State*, 375 Ark. 421, 291 S.W.3d 188 (2009) (per curiam).

Rebriefing ordered.

BAKER, GOODSON, and WOOD, JJ., dissent.

**COURTNEY HUDSON GOODSON, Justice, dissenting.** I disagree with the majority's conclusion that Gordon's counsel has failed to comply with Arkansas Supreme

SLIP OPINION

Court Rule 4–3(k). That rule requires an attorney seeking to withdraw from appellate representation of a criminal defendant on the ground that the appeal is wholly without merit to file a brief that includes a list of all rulings adverse to the defendant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1) (2014). In this case, counsel's brief complies with the rule because it lists each adverse ruling and includes an explanation as to why none are meritorious grounds for reversal. Specifically, as the majority notes, counsel concludes that all of the evidentiary rulings were harmless in light of Gordon's detailed confession and the State's corroboration evidence introduced at trial. It is clear from reading counsel's brief that this explanation applies to all adverse rulings during the course of the trial. Our rule is not so strict as to necessitate that counsel repeat this explanation separately for each ruling. Additionally, counsel is not required to provide a detailed explanation of Gordon's confession. It is sufficient that he has identified the adverse rulings and explained that any error would be harmless in light of Gordon's confession. Because counsel complied with Rule 4–3(k), there is no need to order rebriefing, and therefore, I must dissent from the majority opinion.

BAKER, J. joins.

**RHONDA K. WOOD, Justice, dissenting.** In *Anders v. California*, the United States Supreme Court explained that appointed counsel could satisfy an indigent defendant's constitutional right to counsel by filing a brief stating that an appeal would be wholly frivolous. 386 U.S. 738, 744 (1967). The brief must further "refer[] to anything in the record that might arguably support the appeal." *Id*. Not every state has adopted a formal no-merit briefing procedure. *See* Warner, Anders *in the Fifty States: Some Applicants' Equal Protection is More Equal than Others'*, 23 Fla. St. U. L. Rev. 625 (Winter 1996).

Arkansas is unique. We have not only adopted a formal no-merit briefing system, but we are also one of the only states that actually specify the requirements of the brief itself. *See id*. at 653. These requirements go beyond what *Anders* calls for. Rule 4–3(k) of the Rules of the Arkansas Supreme Court and the Arkansas Court of Appeals has created an overly complex system that emphasizes form over substance and creates a mechanism for our appellate courts to routinely order rebriefing in cases where there is no meritorious issue before the court. We have compounded Rule 4–3(k)'s complexity by adding requirements absent from the Rule's text. *E.g.*, *Jefferson v. State*, 2013 Ark. App. 325 (ordering rebriefing, in part, because counsel cited Rule 4–3(j) instead of Rule 4–3(k)); *but see Coleman v. State*, 2014 Ark. App. 61 (overruling previous opinion that required no-merit brief to include formal citation to *Anders* itself). In fact, our no-merit briefing scheme is such that I believe it encourages attorneys to file frivolous merit briefs as opposed to traversing the no-merit obstacle course.

Today, once again, we send a brief back for the second time, even though counsel has complied with both *Anders* and Rule 4–3(k)'s plain language. Yet, fatally, counsel has

SLIP OPINION

neglected to comply with our hyper-technical interpretation of Rule 4-3(k). For example, the rule does not require, as the majority suggests, counsel to "include for each adverse ruling a discussion citing relevant law and facts." It also does not require counsel to "discuss the details of the confession" or to "discuss the evidence introduced by the State that corroborated the confession." All the rule requires is "an explanation." Counsel has done just that in this case by explaining that the adverse rulings were within the court's discretion and, in any event, harmless in light of Gordon's confession. The majority does not elucidate how this is insufficient under Rule 4-3(k). Thus, this 2013 case remains unresolved.

What is even more concerning, since January 2014, either this court or the court of appeals has ordered rebriefing for noncompliance in at least thirty (30) cases. *Herr v. State*, 2015 Ark. 91, ___ S.W.3d ___; *Price v. State*, 2015 Ark. App. 173; *Whittier v. State*, 2015 Ark. App. 183; *Liddell v. State*, 2015 Ark. App. 172; *Cox v. State*, 2015 Ark. App. 132; *Johnson v. State*, 2015 Ark. App. 22; *Pledger v. State*, 2015 Ark. App. 14; *Cooper v. State*, 2015 Ark. App. 9, 453 S.W.3d 147; *Nichols v. State*, 2015 Ark. App. 12; *Wright v. State*, 2014 Ark. App. 719; *Kimmons v. State*, 2014 Ark. App. 713; *Slater v. State*, 2014 Ark. App. 603; *Rainey v. State*, 2014 Ark. App. 383, 439 S.W.3d 67; *Tennant v. State*, 2014 Ark. App. 403, 439 S.W.3d 61; *Block v. State*, 2014 Ark. App. 362; *Fiveash v. State*, 2014 Ark. App. 129; *Fiveash v. State*, 2014 Ark. App. 124; *Fleming v. State*, 2014 Ark. App. 36; *Dove v. State*, 2014 Ark. App. 26; *Evans v. State*, 2014 Ark. App. 22; *Leal v. State*, 2014 Ark. App. 20; *Cory v. State*, 2014 Ark. App. 29; *Hooten v. State*, 2014 Ark. App. 21; *Weaver v. State*, 2014 Ark. App. 34; *Stockton v. State*, 2014 Ark. App. 25; *Rimmer v. State*, 2014 Ark.

App. 30; *Goodman v. State*, 2014 Ark. App. 45; *Edwards v. State*, 2014 Ark. App. 7; *Harris v. State*, 2014 Ark. App. 5.

It is my hope that our Criminal Rules Committee will reevaluate Rule 4–3(k) in light of the procedures adopted by other states across our nation. The rule should be simplified so both counsel and the appellate courts know what is required.

I respectfully dissent.

*Benca & Benca*, by: *Patrick J. Benca*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.