

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–364

|  |  |
|---|---|
| DELBERT RAYMOND PRICE<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** SEPTEMBER 2, 2015<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. CR-2013-1576-1]<br><br>HONORABLE WILLIAM A. STOREY, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**DAVID M. GLOVER, Judge**

Delbert Price was tried by the court as an habitual offender and found guilty of the offense of theft of a rented vehicle. He was sentenced to thirty years in the Arkansas Department of Correction, with twenty-four of the thirty years suspended. A timely notice of appeal was filed.

In *Price v. State*, 2015 Ark. App. 173, we denied counsel's first motion to withdraw and ordered a substituted abstract, brief, and addendum because we found deficiencies. In this second attempt, Price's counsel again seeks to withdraw, asserting that an appeal in this case would be wholly without merit. She has filed another motion and brief, purportedly pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. Because deficiencies remain in this second attempt to withdraw, we again deny the motion and order rebriefing. As we explained in

*Price*, *supra*, an attorney attempting to withdraw from a criminal appeal is obligated to list every adverse ruling and explain how each ruling could provide no meritorious grounds for reversal. Even a single omission from a no-merit brief necessarily requires rebriefing. *See also Weaver v. State*, 2014 Ark. App. 34.

Here, our independent review of the record reveals that at least three adverse rulings have still not been listed and addressed by counsel. Moreover, in addressing the adverse rulings, including the denials of the motions for directed verdict, counsel must fully explain why the trial court's rulings could provide no meritorious grounds for appeal. Our mention of certain deficiencies does not in any way mean that there are no other adverse rulings that were omitted or that the record has been adequately abstracted, the addendum properly prepared, or the issues properly addressed. It is counsel's responsibility to comply with the requirements for submitting a no-merit brief.

Counsel is directed to file a compliant abstract, brief, and addendum within fifteen days from the date of this opinion, and, before doing so, we strongly encourage counsel to carefully review the *Anders* case, *supra*, and our Rule 4-3(k) concerning the requirements for submitting a no-merit brief. As noted in *Weaver*, *supra*, repeated failures to comply with the requirements for filing a no-merit brief will be referred to the Committee on Professional Conduct.

Rebriefing ordered; motion to withdraw denied.

HARRISON and KINARD, JJ., agree.

*Camille Edmison-Wilhelmi*, for appellant.
No response.