Cite as 2020 Ark. App. 17

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-19-340

| | |
|---|---|
| DEQUINTIS BAILEY | **Opinion Delivered:** January 15, 2020 |
| APPELLANT | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46CR-18-403] |
| V. | |
| STATE OF ARKANSAS | HONORABLE KIRK JOHNSON, JUDGE |
| APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**MEREDITH B. SWITZER, Judge**

DeQuintis Bailey was charged as an adult with four counts of raping a child under the age of fourteen. He moved to transfer the case to the juvenile division of circuit court or, alternatively to designate the case as an extended juvenile jurisdiction proceeding. Following a hearing, the circuit court entered an order on March 7, 2018. In it, the court denied both the request to transfer the case and the alternative request to designate it as an extended juvenile-jurisdiction proceeding. The court made written findings addressing the factors listed in Arkansas Code Annotated section 9-27-318(g) (Repl. 2015). Bailey filed this interlocutory appeal from the order. His appointed appellate counsel has filed a motion to be relieved pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, contending that this appeal of the transfer decision is wholly without merit. The motion is accompanied by a

brief, which contains an abstract and addendum related to the transfer proceedings. Counsel asserts that the only adverse ruling pertinent to this interlocutory appeal is the denial of the motion to transfer. The clerk of this court provided Bailey with a copy of his counsel's motion to withdraw along with the accompanying brief and informed him of his right to file pro se points. Bailey has filed one pro se point, and the State has filed a brief addressing it, contending that the argument is without merit. We deny the motion to withdraw and return the case to Bailey's counsel for rebriefing because the requirements of *Anders*, *supra*, and Rule 4-3(k) have not been satisfied.

An attorney attempting to withdraw from a criminal appeal is obligated to list every adverse ruling and explain how each ruling could provide no meritorious ground for reversal. *Price v. State*, 2015 Ark. App. 173. Even a single omission from a no-merit brief necessarily requires rebriefing. *Id.*

Here, Bailey's counsel presents only one adverse ruling—the denial of the transfer motion itself. In addition to its denial of Bailey's motion to transfer, the circuit court also denied his alternate request for extended juvenile jurisdiction. Counsel presumably determined it was not necessary to address the denial of extended juvenile jurisdiction separately because extended juvenile jurisdiction would be available only if the court had granted the transfer to the juvenile division. It is, however, a separate request for relief that was denied, and every single adverse ruling — substantive or not — must be noted and addressed by counsel in an *Anders* case. It is therefore necessary to return this case for rebriefing.

Counsel is directed to file a substituted brief, abstract, and addendum, within fifteen days from the date of this opinion. While we have noted the one omitted adverse ruling our review of the record revealed, we encourage counsel to carefully review the rules and *Anders*, *supra*, to ensure that no other deficiencies exist before refiling his brief. Upon refiling of the corrected brief, counsel's motion and brief will be forwarded by the clerk to Bailey so that, within thirty days, he may again raise any points he chooses in accordance with Arkansas Supreme Court Rule 4-3(k)(2).

Rebriefing ordered; motion to withdraw denied.

ABRAMSON and WHITEAKER, JJ., agree.

*Joseph C. Self*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.