# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-13-557

| | | |
|---|---|---|
| | | **Opinion Delivered** January 15, 2014 |
| ISMEAL LEAL | | APPEAL FROM THE CRITTENDEN |
| | APPELLANT | COUNTY CIRCUIT COURT [NO. CR-2006-660] |
| V. | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | | REBRIEFING ORDERED; MOTION |
| | APPELLEE | TO WITHDRAW DENIED |

## ROBERT J. GLADWIN, Chief Judge

On June 15, 2006, appellant Ismeal Leal pled guilty to the offense of possession of a controlled substance with intent to deliver, a Class "C" felony, in case CR-2006-660, and received a sentence of ninety-six months' supervised probation. On January 4, 2011, the State filed a petition to revoke. After a hearing on March 26, 2013, appellant was found to have violated conditions of probation and was sentenced to thirty-six months in the Arkansas Department of Correction.

Appellant's attorney filed a timely notice of appeal from the judgment upon revocation. Subsequently, appellant's attorney filed a no-merit brief pursuant to Ark. Sup. Ct. R. 4-3(k) (2013), along with a motion to be relieved as counsel, asserting that there is no issue of arguable merit to present on appeal. A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and

addendum. Ark. Sup. Ct. R. 4-3(k)(1). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court with an explanation as to why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1). It is imperative that counsel follow the appropriate procedure when filing a motion to withdraw as counsel. *Brown v. State*, 85 Ark. App. 382, 155 S.W.3d 22 (2004). In furtherance of the goal of protecting constitutional rights, it is both the duty of counsel and of this court to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State*, 74 Ark. App. 277, 47 S.W.3d 915 (2001).

We deny counsel's motion and order that counsel rebrief this appeal, based on the same reasons stated in *Alls v. State*, 2013 Ark. App. 434, handed down on June 26, 2013. In that opinion, we held that the argument section of counsel's brief was deficient, pointing to the lack of a reference to Rule 4-3(k) or *Anders v. California*, 386 U.S. 738 (1967), and a lack of an adequate discussion or explanation as to why each of the two adverse rulings lacked merit.

In its petition for revocation, the State alleged that appellant violated the terms and conditions of his probationary sentence by (1) failing to pay fines, costs and fees as directed; (2) failing to report to probation as directed; (3) failing to pay probation fees; (4) failing to notify, the sheriff and probation office of his current address and employment; (5) departing from his approved residence; and (6) departing from jurisdiction without permission. Counsel claims that the only adverse ruling against appellant was the revocation of his

probation, which was based solely on his violation of Condition #1, failure to pay fines and costs, as provided in the circuit court's judgment and disposition order.

Counsel abstracted the testimony of Amy Peyton, the collector of fines at the sheriff's office. She testified that appellant was assessed fines and costs in case CR–2006–660 in the amount of $2270, which he was to pay at $50 a month beginning August 10, 2006. Between August 28, 2007, and September 2010, when he made his last payment, defendant made seventeen $50 payments totaling $845. He incurred transportation costs from Texas in the amount of $720 and had an outstanding balance of $2565. She identified appellant's fine record reflecting her testimony. Counsel failed, however, to abstract or discuss the testimony of Mary Marshall, appellant's probation officer with respect to this case. She provided evidence directly related to findings made by the circuit court with respect to the revocation.

Based on these omissions, as well as the above referenced deficiencies, we conclude that appellant's counsel's brief fails to comply with Rule 4-3(k), and we order counsel to submit a complying no-merit brief within 15 days of this opinion. We urge counsel to carefully examine the record and to review the rules before resubmitting a no-merit brief. *See Jefferson v. State*, 2013 Ark. App. 325.

Rebriefing ordered; motion to withdraw denied.

PITTMAN and WHITEAKER, JJ., agree.

*C. Brian Williams*, for appellant.

No response.