SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–557

| | | |
|---|---|---|
| ISMEAL LEAL | | **Opinion Delivered** December 3, 2014 |
| | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2006-660] |
| V. | | |
| | | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

This is the second time this appeal is before us. Initially, it was brought as a no-merit appeal, and on January 15, 2014, we ordered rebriefing and denied counsel's motion to withdraw, *see Leal v. State*, 2014 Ark. App. 20. This time, appellant Ismeal Leal's new counsel has filed a merit appeal from the April 16, 2013 revocation of his probationary sentence by the Crittenden County Circuit Court for which he was sentenced to three years' imprisonment in the Arkansas Department of Correction. He argues that there was insufficient evidence to support the revocation and that the circuit court should have considered alternative sentences. We affirm.

On June 15, 2006, appellant entered a guilty plea to a charge of possession of a controlled substance with intent to deliver and was sentenced to eight years' probation and ordered to pay $2250 in fines, costs, and fees. Conditions of his probation included that he would pay fifty dollars per month beginning August 10, 2006, until the fines, costs, and fees

SLIP OPINION

were satisfied. In January 2007, appellant reported to his probation officer with an interpreter, requesting to have his probation transferred to Tennessee. That request was granted.

On January 4, 2011, the State filed a petition to revoke appellant's probation alleging that he (1) failed to pay fines, costs, and fees as directed; (2) failed to report to probation as directed; (3) failed to pay probation fees; (4) failed to notify the sheriff and probation of his current address and employment; (5) departed from an approved residence without permission; and (6) departed from the jurisdiction without permission. At the March 26, 2013 revocation hearing, the circuit court granted a dismissal motion as to the State's allegations that appellant failed to report and departed both his residence and the jurisdiction without permission. However, the circuit court determined that appellant had failed to pay fines, costs, and fees as directed in violation of the terms of his probation, revoked it, and sentenced him to three years' imprisonment in the Arkansas Department of Correction pursuant to an April 16, 2013 sentencing order. Appellant filed a timely notice of appeal on March 28, 2013.

Pursuant to Arkansas Code Annotated section 16-93-308(d) (Repl. 2011), a circuit court may revoke a defendant's probation at any time during its pendency if the court finds by a preponderance of the evidence that the defendant inexcusably failed to comply with a condition of his probation. *Denson v. State*, 2012 Ark. App. 105. The State need only show that the defendant committed one violation to sustain a revocation. *Id*. Great deference is given to the circuit court in determining the preponderance of the evidence because the circuit court is in a superior position to determine the credibility of witnesses and to

determine the weight to be given to their testimony. *Id.* A revocation will not be reversed unless the decision is clearly against the preponderance of the evidence. *Id.*

## I. *Sufficiency of the Evidence*

Appellant argues that there was no evidence presented that he violated his probation in Tennessee and that he was in compliance with his Tennessee probation. The State attempted to introduce a violation report from Tennessee, but it was not admitted. Mary Marshall, appellant's probation supervisor, acknowledged that appellant's fees in Arkansas stopped when he was transferred to Tennessee. Appellant submits that there is no evidence that $850 was owed or that it was not paid in Tennessee, and that it is not his burden to bring someone from the Tennessee probation office.

The State shoulders the ultimate burden of proving that the appellant's failure to pay was inexcusable. *Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40. Inexcusable is defined as incapable of being excused or justified; synonyms include unpardonable, unforgivable, and intolerable. *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). Just like the appellant in *Barbee* relied upon the revenue office clerk's information, appellant claims that he relied upon the Tennessee probation office, and the State failed to prove that his actions were inexcusable.

We hold that the State did prove by a preponderance of the evidence that appellant violated his probationary conditions by failing to pay his fines, costs, and fees as required. Per appellant's conditions, he was required to make a monthly payment of fifty dollars toward his fines, costs, and fees until those obligations were completed. Probation Officer Mary Marshall confirmed that the probationary conditions were explained to and accepted by

3

appellant. Marshall stated that appellant reported to her in January 2007 with an interpreter, and at that time, his request to have his probation transferred to Tennessee was granted.

Amy Peyton, a Crittenden County Sheriff's Office employee whose duties include collecting probationers' financial obligations, testified that in addition to the original order to pay $2250 fines, costs, and fees, appellant had also been assessed a $720 transportation charge for his transportation from Texas to Crittenden County. Peyton explained that appellant had paid a total of $845 towards his debt since August 2006, that he had an outstanding balance of $2565, and that he had not made a payment since September 2010. Peyton testified that appellant had provided no explanation as to why he stopped making payments.

Appellant did not rebut this evidence. Once the State introduced evidence of nonpayment, the defendant bears the burden of going forward with some reasonable excuse for his failure to pay. *Amos v. State*, 2011 Ark. App. 638. Here, the State introduced evidence of nonpayment, and the burden of production shifted to appellant to offer a reasonable excuse. Despite appellant's probationary transfer to Tennessee in 2007, he dutifully continued to make his monthly payments until September 2010. Appellant offered nothing either to explain his subsequent nonpayment or to prove that he had become current on his payments. Therefore, the circuit court did not err in considering his payment delinquency as a basis for revocation.

## II. *Alternative Sentences*

Appellant also contends that, pursuant to Arkansas Code Annotated section 16-93-309 (Repl. 2011), the circuit court should have continued his probation and not incarcerated

him. He argues that the circuit court's ruling violated his due-process rights and was excessive under these facts.

This argument was not raised below. We have long held that a defendant who makes no objection at the time sentence is imposed has no standing to complain of it. *Pfeifer v. State*, 2012 Ark. App. 556. Thus, because this argument is being raised for the first time on appeal, it not preserved for appellate review.

Alternatively, we hold that the judgment entered was lawful and is affirmed. If a court revokes a suspension or probation, the court may enter a judgment of conviction and may impose any sentence on the defendant that might have been imposed originally for the offense of which he or she was found guilty. Ark. Code Ann. § 16-93-308(g)(1)(A) (Repl. 2011). Possession of a controlled substance with intent to distribute, the crime for which appellant received probation, is a Class C felony and carries a term of imprisonment of not less than three years nor more than ten. Ark. Code Ann. § 5-4-401(a)(4) (Repl. 2006). The conditions of probation signed by appellant warned him that any violation could result in a sentence of up to ten years' imprisonment in the Arkansas Department of Correction and/or a fine of up to $10,000. Because appellant was sentenced within the range allowed by the applicable statutes, the revocation and sentence are affirmed.

Affirmed.

WALMSLEY and VAUGHT, JJ., agree.

*Ogles Law Firm, P.A.*, by: *John Ogles*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Valerie Glover Fortner*, Ass't Att'y Gen., for appellee.