SLIP OPINION

Cite as 2015 Ark. App. 9

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–14–41

| | | |
|---|---|---|
| | | **Opinion Delivered** JANUARY 14, 2015 |
| LARRY LEE COOPER | | |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR–11–331] |
| V. | | |
| | | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | MOTION TO WITHDRAW DENIED; REBRIEFING ORDERED; AND CLERK DIRECTED TO SERVE A COPY OF LARRY COOPER'S PRO SE POINTS ON THE ATTORNEY GENERAL'S OFFICE PURSUANT TO RULE 4-3(K)(3) |

## DAVID M. GLOVER, Judge

On December 9, 2011, Larry Lee Cooper entered negotiated guilty pleas to the underlying offenses of attempted possession/intent to deliver a controlled substance, possession of drug paraphernalia, and driving with a suspended license. He was placed on probation. The State subsequently filed a petition to revoke, alleging that Cooper violated the terms and conditions of his probation by failing to report, failing to abstain from illegal substances, and failing to pay fines, fees, and court costs. Following the revocation hearing on October 3, 2013, the trial court revoked Cooper's probation and sentenced him to eighteen months in a regional correction facility, with an additional twenty-four months' suspended imposition

SLIP OPINION

of sentence. On October 16, 2013, Cooper filed a pro se "petition for appeal," even though he was still represented by his trial counsel.[1] A joint motion for substitution of counsel was subsequently filed and granted by our court. Substituted counsel has filed a motion to withdraw, accompanied by an abstract, brief, and addendum, asserting that an appeal in this matter would be wholly without merit. We deny the motion to withdraw and order rebriefing by Cooper's counsel. In addition, we direct our court clerk to serve a copy of Cooper's "points," and this opinion, on the Attorney General's Office pursuant to Rule 4–3(k)(3) for preparation and submission of a responsive brief.

The foundational authorities for seeking to withdraw from representation on the ground that an appeal is wholly without merit lie in *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. Because our court is receiving more and more *Anders* briefs that do not fully embrace the underlying rationale for allowing "no-merit" briefs and presenting them to this court, we take this opportunity to review the foundations.

In *Anders*, the United States Supreme Court was "concerned with the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." 386 U.S. at 739. The Court explained that the "constitutional

---

[1]We note that Cooper raised two appellate arguments in his pro se "petition for appeal." A notice of appeal is clearly not the appropriate vehicle for raising appellate arguments. It is not necessary for us to discuss the status of those points because his arguments were also raised in his separately submitted points, which are being forwarded to the Attorney General's Office for response pursuant to Ark. Sup. Ct. R. 4–3(k)(3).

SLIP OPINION

requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae," and that the "no-merit letter[2] and the procedure it triggers do not reach that dignity." *Id*. at 744. The Court made clear, however, that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id*. at 744. The Court further explained:

> A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id*.

Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals incorporates the *Anders* concerns and provides in pertinent part:

> (1) Any motion by counsel for a defendant in a criminal or a juvenile delinquency case for permission to withdraw made after notice of appeal has been given shall be addressed to the Court, shall contain a statement of the reason for the request and shall be served upon the defendant personally by first-class mail. A request to withdraw on the ground that the appeal is wholly without merit shall be

---

[2]Counsel's letter in the *Anders* case provided: "'I will not file a brief on appeal as I am of the opinion that there is no merit to the appeal. I have visited and communicated with Mr. Anders and have explained my views and opinions to him . . . . (H)e wishes to file a brief in this matter on his own behalf.'" 386 U.S. at 742.

accompanied by a brief including an abstract and Addendum. *The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The abstract and Addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court.*

(Emphasis added.)

Here, counsel made no reference to either the *Anders* case or Rule 4–3(k). We do not deny the motion to withdraw because of those omissions, but we take this opportunity to note that, in filing motions to withdraw and accompanying "no-merit" briefs with our court, it is the better practice, even though not a fatal omission, to explain that the motion and brief are being filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(k). Doing so assures our court that counsel understands the applicable framework and rules.

The basis upon which we deny the motion lies in the emphasized portion of Rule 4–3(k)(1) above. The brief discusses one adverse ruling, the revocation itself, but at no point in the brief does counsel state clearly that the revocation is the only adverse ruling in the record. In general, records include not only hearing transcripts, but also motions and other requests decided adversely to the defendant. Our review of the record seems to confirm that the revocation itself is the only adverse ruling, but we must be confident that counsel has undertaken that task. Particularly pertinent to our decision in this regard, denying counsel's motion to withdraw in the instant case, is the following passage from *Anders*:

> This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. *It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.* The no-merit letter, on the other hand, affords

SLIP OPINION

neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate. Moreover, such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled. This procedure will assure penniless defendants the same rights and opportunities on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel.

*Id.* at 745 (emphasis added).

Finally, the clerk of our court sent, by certified mail, a copy of counsel's motion to withdraw and accompanying brief to Cooper's last-known address. Cooper did not submit points in response; however, in searching Cooper's court correspondence file, the clerk of our court discovered that he did submit pro se "points" during the time frame in which he was still represented by his trial counsel and before substitution of counsel was granted and the motion to withdraw was filed. Because Cooper prematurely submitted his pro se "points," while still represented by trial counsel and before the motion to withdraw was filed, the Attorney General's Office was not notified pursuant to Rule 4-3(k)(3). We direct our court clerk to serve a copy of Cooper's "points," and this opinion, on the Attorney General's Office pursuant to Rule 4-3(k)(3) for preparation and submission of a responsive brief.

Motion to withdraw denied; rebriefing ordered; and clerk directed to serve a copy of Larry Cooper's pro se points on the Attorney General's Office pursuant to Rule 4-3(k)(3).

GLADWIN, C.J., and GRUBER, J., agree.

*Lucas Law, PLLC*, by: *Molly Lucas*, for appellant.

No response.

5