
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-41

| | |
|---|---|
| LARRY LEE COOPER<br>APPELLANT | **Opinion Delivered** MAY 27, 2015 |
| V. | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CR-11-331] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## DAVID M. GLOVER, Judge

Larry Cooper pled guilty in 2011 to three underlying offenses, two of which were drug-related and one of which was for driving with a suspended license. He was sentenced to five years' probation, 120 days' jail time, and ordered to pay restitution and fees. The State subsequently petitioned to revoke Cooper's probation. Following an October 3, 2013 revocation hearing, the trial court found that he had violated the terms of his probation and revoked it. The trial court sentenced him to eighteen months in a regional correction facility, with an additional twenty-four months suspended. Cooper appeals from the revocation.

Cooper's counsel seeks to withdraw, asserting that an appeal in this case would be wholly without merit. She has filed a motion and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4–3(k) of the Rules of the Arkansas Supreme Court and Court of

Appeals. Rule 4–3(k) is based upon *Anders*, and it sets forth the framework for constitutionally permissible no-merit briefs. *Her v. State*, 2015 Ark. 91, ___ S.W.3d ___. Rule 4–3(k) and *Anders* require that counsel file an abstract and addendum of the proceedings below, including all motions and objections decided adversely to the appellant, along with a brief in which counsel explains why there is nothing in the record that would support a meritorious appeal. *Id.*

The clerk of our court has made three attempts by certified mail to deliver a copy of counsel's motion to withdraw and accompanying brief to Cooper—all of which have been unsuccessful; however, the pro se points he initially submitted were forwarded, as directed, to the Attorney General's Office, which has now filed a brief responding to those points.[1]

Cooper's counsel explains that there was "no evidentiary adverse ruling" at the revocation hearing, making the only adverse ruling the trial court's revocation of Cooper's probation. Counsel explains why an appeal from that decision would be wholly without merit.

The State need show that Cooper committed only one violation to sustain a revocation. *Leal v. State*, 2014 Ark. App. 673. Victoria Brown, the probation officer to whom Cooper's case was assigned in March 2013, testified from her predecessor's records

---

[1]Cooper submitted pro se points of appeal in an unconventional manner, which we discovered belatedly, and addressed in *Cooper v. State*, 2015 Ark. App. 9, 453 S.W.3d 147. In returning the case to Cooper's counsel for briefing deficiencies, we also forwarded the pro se points to the Attorney General's Office, directing that the points be addressed. The briefing deficiencies have now been corrected, and the Attorney General's Office has addressed the pro se points.

and her own knowledge that he reported to his probation officer only sporadically from September 2012 to December 2012, and that from December 2012 until he was arrested in August 2013, there was no contact. Although Cooper's explanation for not reporting was based on his claim that he was in poor health and lacked transportation, he admitted he could have gotten to the probation office if he had tried hard enough, but he was afraid he would go to jail if he did. The trial court's finding that Cooper violated his probationary conditions is not clearly erroneous, and we agree with counsel that an appeal from the revocation itself would be wholly without merit.

### Cooper's Points of Appeal

Pro se points are typically difficult to decipher, and Cooper's are no exception. The State fairly groups and summarizes the points as 1) allegations that Victoria Brown was not familiar with his probation records; 2) allegations of ineffective assistance of counsel; 3) allegations that the prosecutor relied upon Cooper's guilt in the underlying drug offenses in pursuing the revocation; and 4) proclamation of innocence concerning the underlying offenses for which he entered a negotiated guilty plea.

The State contends that none of the points were raised below, so they were not properly preserved for appeal, *Emerson v. State*, 2013 Ark. App. 691. We agree. Consequently, none of Cooper's pro se points could support a meritorious appeal.

We note that the State went further and also addressed, as fully as possible, the substance of the pro se points. Because we agree that the points were not properly preserved for our review, it is not necessary for us to address their substance.

3

Based on our review of the record and the briefs presented to this court, we conclude that there has been full compliance with *Anders*, *supra*, and our Rule 4–3(k), and that an appeal in this case would be wholly without merit. Counsel's motion to withdraw is granted, and the revocation of Cooper's probation is affirmed.

Affirmed; motion to withdraw granted.

ABRAMSON and BROWN, JJ., agree.

*Lucas Law, PLLC*, by: *Molly Lucas*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.