Cite as 2026 Ark. App. 51

# ARKANSAS COURT OF APPEALS
## DIVISION I
No. CR-24-369

| | |
|---|---|
| | Opinion Delivered January 28, 2026 |
| MAYRA LOPEZ (AKA MYRIA LOPEZ) APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NOS. 66FCR-03-126A, 66FCR-05-494A, 66FCR-06-36A] |
| V. | |
| STATE OF ARKANSAS APPELLEE | HONORABLE R. GUNNER DELAY, JUDGE |
| | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED. |

**CASEY R. TUCKER, Judge**

Mayra Lopez appeals the revocation of her suspended impositions of sentence (SIS) and the resulting sentences. Her attorneys have filed a no-merit brief and motion to withdraw. This no-merit appeal returns to us after we ordered rebriefing in *Lopez v. State*, 2025 Ark. App. 368. In *Lopez*, the plea agreement, docket sheet, arrest warrant, and a record of any prior revocation proceedings were all absent from the record before us. We cannot conduct a no-merit review pursuant to Arkansas Supreme Court Rule 4-3(b) and *Anders v. California*, 386 U.S. 738 (1967), without the matters essential to our review in the record. *See Mouse v. State*, 2025 Ark. App. 12. In addition to an incomplete record, counsel had failed to address the trial court's denial of Lopez's request for additional time to pay her fines, fees, and restitution. If a no-merit brief in a criminal case fails to address all adverse

rulings, we must send it back for rebriefing. *Porter v. State*, 2020 Ark. App. 343. Counsel have now supplemented the record on appeal with supplemental pleadings and a supplemental transcript providing the previously missing items. However, we must deny the motion to withdraw and order rebriefing for counsel to address the legality of Lopez's sentences in case Nos. 66FCR-05-494A and 66FCR-06-36A.

Lopez had multiple underlying felonies for which she served suspended sentences. Her first, case 66FCR-03-126A, was second-degree forgery, a Class C felony to which she pleaded guilty on August 13, 2004. The court sentenced her to sixty months' SIS and ordered her to pay restitution of $3,352 plus fines and costs for a total of $4,252 to be in $75 monthly installments beginning October 1, 2004. On December 19, 2007, Lopez pleaded guilty to second-degree battery, a Class D felony, in case 66FCR-05-494A; and possession of methamphetamine and possession of paraphernalia, Class C felonies, in case 66FCR-06-36A. The court, once more, sentenced Lopez to sixty months' SIS on each offense and ordered her to pay restitution "in full" and $1,000 in fines and costs with the payments to begin March 1, 2008. Lopez's suspended sentences were conditioned on good behavior and payment of her restitution, fines, and costs. The court ordered these sentences to run concurrently.

The State filed a petition to revoke Lopez's multiple suspended sentences on July 12, 2019. Although the temporal terms of Lopez's various suspended sentences had long since expired, the court ostensibly retained jurisdiction over her due to her failure to make the required restitution payments. *See* Ark. Code Ann. § 16-93-311 (Repl. 2016). The basis for

the petition to revoke was Lopez's failure to pay her restitution, fees, fines, and costs. According to the petition, the unpaid balance of the restitution on the first offense, the forgery, was $2,467, with $350 in outstanding accumulated fees. The State alleged that on the battery and possession-of-methamphetamine-and-paraphernalia offenses, the outstanding balance on the restitution was $940, and the total outstanding on fines, fees, and costs was $1,000.

Lopez stipulated to the petition to revoke and that she had willfully failed to make her required payments without just cause. The court gave Lopez sixty additional days to demonstrate her willingness and ability to pay, but Lopez failed to make any payments. Ultimately the circuit court revoked Lopez's SIS and sentenced her to sixty months' incarceration plus sixty months' SIS on each of her Class C felony convictions. On the Class D felony, the court sentenced her to twelve months' SIS. All sentences were to run concurrently. The sentencing order was entered on May 21, 2024.[1] Appellant filed a timely notice of appeal.

In considering no-merit appeals and motions to withdraw from representation, we turn to *Anders*, 386 U.S. 738, and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals. *Cooper v. State*, 2015 Ark. App. 9, 453 S.W.3d 147. In *Cooper*, this court stated:

---

[1]The sentencing order lists one of the convictions as delivery of methamphetamine, which is incorrect. Lopez pleaded guilty to possession of methamphetamine and possession of paraphernalia.

"[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."

*Id.* at 3, 453 S.W.3d at 149 (quoting *Anders*, 386 U.S. at 744). Rule 4-3(b) provides the requirements for a brief in a no-merit appeal:

The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record.

Ark. S. Ct. R. 4-3(b). The task before this court is to determine whether, after a full examination of the proceedings, an appeal would be wholly frivolous. *Young v. State*, 2025 Ark. App. 13, 703 S.W.3d 569.

Upon our full examination of the record we must again deny counsel's motion to withdraw and order rebriefing to address the legality of Lopez's sentences upon revocation of her SIS in CR-2205-494 and CR-2006-36, taking into consideration that the court originally ordered her to pay restitution "in full." See Ark. Code Ann. § 5-4-205. Lopez's counsel have thirty days from the date of this opinion to file a substituted brief. We express no opinion on whether the new brief should be made pursuant to Rule 4-3(b) or whether it should be on meritorious grounds. Should counsel's substituted brief be pursuant to Rule 4-3(b), our clerk will forward counsel's motion and brief to Lopez, and she will have thirty days to raise any pro se points pursuant to Rules 4-3(b)(2).

4

Rebriefing ordered; motion to withdraw denied.

ABRAMSON and HARRISON, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellant.

One brief only.