Cite as 2020 Ark. App. 343

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–19–497

| | |
|---|---|
| TAUTIANA PORTER | **Opinion Delivered:** June 3, 2020 |
| APPELLANT | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-16-80] |
| V. | |
| | HONORABLE BLAKE BATSON, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**WAYMOND M. BROWN, Judge**

On September 5, 2017, appellant Tautiana Porter pleaded guilty to the following felony offenses: engaging in continuing gang organization or enterprise in the second degree; fleeing; and eight counts of theft of property. As a result of her guilty plea, appellant received a sentence of ten years' probation.

The State filed a petition to revoke appellant's probation on December 14, 2017, alleging that she had violated the following five conditions of her probation: commission of new criminal offenses; failure to abstain from possession of controlled substances; failure to abstain from association with convicted felons; failure to pay fines, court costs, and/or restitution; and failure to complete community-service hours as ordered. Following a revocation hearing, the circuit court found that the State proved by a preponderance of the

evidence that appellant had violated her probation conditions. In an order entered on February 15, 2019, appellant was sentenced to serve a total of forty years' incarceration with an additional thirty-five years' suspended imposition of sentence.

Appellant's attorney has filed a motion to be relieved as counsel pursuant to *Anders v. California*, 386 Ark. 738 (1967), and Arkansas Supreme Court Rule 4–3(k) (2019), alleging that an appeal is without merit. Counsel has also filed a no-merit brief purporting to list all rulings adverse to appellant and explaining why there is no argument that would support an appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to appellant, informing her of her right to file pro se points for reversal; she has declined to do so. Having reviewed the record, we find counsel's no-merit brief not in compliance with the directives of *Anders* and Rule 4–3(k). Therefore, we order rebriefing and deny counsel's motion to withdraw.

Rule 4–3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court . . . with an explanation as to why each . . . is not a meritorious ground for reversal" and that "the abstract and addendum of the brief shall contain . . . all rulings adverse to the defendant."[1] If a no-merit brief fails to address all the adverse rulings, it will be sent back for rebriefing.[2] The requirement for abstracting and briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief

---

[1]Ark. Sup. Ct. R. 4–3(k)(1).

[2]*Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877.

resulting in an incorrect decision on counsel's motion to withdraw.[3] For these reasons, a no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing will be required.[4]

In his no-merit brief, counsel addresses two things asserting there are no other issues of arguable merit: waiver of the circuit court judge's disqualification from presiding over the revocation hearing and the evidence supporting the revocation itself. Our review of the record reveals otherwise. During the sentencing phase of the revocation hearing, appellant admitted violating the terms of her probation; however, she requested that the court give her "one more chance" or that her sentence be in the fifteen-year range of incarceration as opposed to the ninety years' imprisonment recommended by the State. In revoking appellant's probation and sentencing her to forty years' incarceration with an additional thirty-five years suspended, the circuit court denied her request for another chance or to be given a lighter sentence. That denial constitutes an adverse ruling that must be addressed in this no-merit appeal pursuant to *Anders*.[5] Due to the deficiency, we deny counsel's motion to withdraw and order rebriefing.

Additionally, from the bench, the circuit court sentenced appellant to ninety years in the Arkansas Department of Correction with an additional thirty-five years suspended.

---

[3]*Id.*

[4]*Id.*

[5]*See Pettigrew v. State*, 2019 Ark. App. 336 (holding that the denial of appellant's request for reinstatement of probation constitutes an adverse ruling that must be addressed in a no-merit brief).

However, the sentencing order reflects a sentence of forty years' incarceration with another thirty-five years suspended. Although a reduction in sentence is not on the surface adverse to appellant, we are uncertain as to why the bench ruling and sentencing order differ to such an extent. Out of an abundance of caution and utmost concern for appellant's due process rights, we suggest that it is the better practice to address such discrepancies in a no-merit brief.

Counsel is encouraged to review *Anders*, *supra*, and Rule 4-3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules.[6] After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to appellant, and she will have thirty days within which to raise pro se points in accordance with Rule 4-3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

GRUBER, C.J., and MURPHY, J., agree.

*Robert M. "Robby" Golden*, for appellant.

One brief only.

---

[6]*See* Ark. Sup. Ct. R. 4-2(b)(3).