Cite as 2024 Ark. App. 559

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-24-66

| | |
|---|---|
| MATTHEW GUY REECE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** November 13, 2024<br><br>APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT<br>[NO. 16JCR-19-1183]<br><br>HONORABLE CHRIS THYER, JUDGE<br><br>AFFIRMED |

**BRANDON J. HARRISON, Chief Judge**

The Craighead County Circuit Court found that Matthew Guy Reece violated the conditions of his suspended imposition of sentence (SIS) and sentenced him to 240 months' imprisonment, followed by an additional 120 months of SIS. Reece appeals, arguing that the circuit court erred in revoking his SIS because the State failed to prove by a preponderance of the evidence that he possessed the contraband found in his residence, and the court should have granted his motion for a continuance to obtain new counsel. We affirm.

In October 2019, the State charged Reece with multiple offenses including simultaneous possession of drugs and firearms, possession of drug paraphernalia, possession of methamphetamine with intent to deliver, and possession of firearms by certain persons (felon in possession). In July 2021, Reece entered a negotiated guilty plea to two counts of

possession of drug paraphernalia (a Class D felony) as a habitual offender, possession of methamphetamine less than two grams (a Class D felony) as a habitual offender, and possession of firearms by certain persons (a Class B felony) as a habitual offender. The circuit court accepted the plea and sentenced Reece to thirty-six months' imprisonment followed by sixty months of SIS.

In March 2023, the State petitioned to revoke Reece's SIS, alleging that he had violated its conditions by committing new criminal offenses circa 23 February 2023. The State said Reece possessed drug paraphernalia with the purpose to manufacture methamphetamine, possessed methamphetamine with the purpose to deliver, possessed drug paraphernalia with the purpose to ingest methamphetamine, and possessed marijuana.

A revocation hearing was held in July 2023. At the outset, Reece's counsel moved to continue the hearing so Reece could hire new counsel. The State objected, noting Reece had been informed of the hearing date and had not tried to secure new representation since his prior court appearance approximately one month earlier. The circuit court denied the motion for a continuance.

At the revocation hearing, the State called Deputy Levi Chism of the Craighead County Sheriff's Office, who said that on 23 February 2023, he assisted Parole Officer Brian Hook in conducting a probation-compliance check at Reece's registered residence (8715 Highway 49B, Brookland, Arkansas). Reece was there. During a search of the living room, the officers found three lines of a white crystalline substance on the coffee table alongside an identification card bearing Reece's name. The officers did not have to guess long: Reece

2

spontaneously said the lines were methamphetamine. A field test confirmed Reece's admission. Tie that one off.

More contraband was there, too, including two spoons with burn marks and methamphetamine residue, two used syringes, and a digital scale with residue.

During cross-examination, Deputy Chism acknowledged that Reece mentioned other individuals had been living at the residence. The deputy did not recall their names and did not investigate further.

When the State closed its case, Reece moved to dismiss the revocation petition, arguing the State failed to prove by a preponderance of the evidence that he possessed contraband. He relied on the "others had access to the residence" defense (a/k/a the constructive possession defense). It failed to persuade, then and now. The circuit court denied the motion, found sufficient evidence that Reece possessed the contraband, revoked his SIS, and sentenced him to 240 months' imprisonment followed by an additional 120 months of SIS.

The bottom line, which is bold not faint, is that the court concluded that the contraband was found in Reece's residence while he was there, and his identification card was located next to the self-confessed methamphetamine. The court also considered Reece's extensive criminal history, including six prior felony convictions involving controlled substances and firearms offenses.

A circuit court may revoke a defendant's SIS at any time before the SIS period expires when it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with at least one condition of the suspension. Ark. Code Ann. § 16-93-308(d)

3

(Supp. 2023). The State must prove that a condition of suspension has been violated. *Thompson v. State*, 2019 Ark. App. 421, 586 S.W.3d 682. We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.*

Reece's contention that the circuit court erred is a nonstarter. The contraband was found in plain view on a coffee table, inside Reece's residence alongside his identification card. Reece was the only person there when the place was searched. And it bears repeating one last time that Reece told Deputy Chism (or so the court could have believed) that the substance was methamphetamine. The court on this record was also well within the burden of proof to find that Reece possessed (under any theory) the methamphetamine and other contraband. No error.

What of the no continuance point? It fails, too. The circuit court had discretion to grant or deny that motion, and it will not be reversed absent an abuse of that discretion. *Thomas v. State*, 2014 Ark. App. 492, 441 S.W.3d 918. The right to counsel of one's choice, we note, is not absolute and may not be used to frustrate the orderly administration of justice. *Id.*

Again, no error. Reece had several months between his arrest in February 2023 and the revocation hearing in July 2023 to secure alternative representation but failed to do so. He did not provide a valid reason for the delay or identify any new counsel ready to take over his case. Lack of diligence supports the denial of a motion for continuance. *McCauley v. State*, 2023 Ark. 68, 663 S.W.3d 383. Further, Reece has shown no prejudice flowing from that denial. The circuit court's judgment is wholly affirmed.

Affirmed.

4

GLADWIN and BROWN, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.