Cite as 2025 Ark. App. 3

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-22-716

| | | |
|---|---|---|
| LAMIESHA TONEY | | Opinion Delivered January 15, 2025 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-20-337] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ALEX GUYNN, JUDGE |
| | APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**N. MARK KLAPPENBACH, Chief Judge**

Lamiesha Toney appeals her convictions in the Jefferson County Circuit Court for second-degree murder and first-degree battery. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, Toney's attorney has filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to raise on appeal. Toney was notified of her right to file pro se points for reversal, but she has not filed any such points. Because Toney's counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(b), we order rebriefing and deny counsel's motion to withdraw.

Rule 4-3(b)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and

requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Generally speaking, if a no-merit brief fails to address all the adverse rulings, rebriefing will be required. *Jeffries v. State*, 2022 Ark. App. 274. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief, resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

The record demonstrates that counsel failed to address at least one adverse ruling. During the cross-examination of Toney's codefendant, defense counsel, who represented both Toney and her codefendant, made a relevancy objection to a question about the name of a tire shop. The objection was overruled. Counsel has failed to explain why this adverse ruling would not be meritorious grounds for reversal on appeal. Furthermore, although counsel has addressed the denial of Toney's motions for directed verdict, he fails to note the arguments made in the directed-verdict motion after the State's initial response. He has also failed to adequately address whether the motions preserved a challenge to the elements of the lesser-included offense of which Toney was ultimately convicted. *See Davis v. State*, 362 Ark. 34, 39, 207 S.W.3d 474, 478–79 (2005) (holding that a directed-verdict motion was sufficient to preserve a challenge to the lesser-included offense because it is not necessary to specifically state the lesser-included offense by name as long as the elements of that lesser-included offense are addressed in the directed-verdict motion).

2

The deficiencies we have noted may not be the only ones, and counsel is encouraged to review *Anders* and Rule 4-3(b) for the requirements of a no-merit brief. Counsel has fifteen days from the date of this opinion to file a substituted brief that complies with the rules. After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Toney, and she will have thirty days within which to raise pro se points in accordance with Rule 4-3(b). The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied.

HARRISON and MURPHY, JJ., agree.

*Jeremy D. Wann*, for appellant.

One brief only.