Cite as 2025 Ark. App. 71

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-24-168

| | |
|---|---|
| LARRY DAVIS<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered February 12, 2025<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NOS. 66CR-19-867; 66CR-19-92; 66CR-20-88; 66CR-20-131; AND 66CR-20-151]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**RAYMOND R. ABRAMSON, Judge**

Larry Davis appeals the Sebastian County Circuit Court's order revoking his suspended sentence. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, Davis's attorney has filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to raise on appeal. Because Davis's counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(b), we order rebriefing and deny counsel's motion to withdraw.

Rule 4-3(b)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a

meritorious ground for reversal." Generally speaking, if a no-merit brief fails to address all the adverse rulings, rebriefing will be required. *Jeffries v. State*, 2022 Ark. App. 274. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

In this case, the record demonstrates that counsel failed to address at least one adverse ruling. Specifically, at the revocation hearing, Davis requested a thirty-day continuance to obtain private counsel, but the court did not grant the continuance. Counsel failed to explain why this would not be a meritorious ground for reversal on appeal. *See Vail v. State*, 2019 Ark. App. 8.[1] Accordingly, we must order briefing.

The deficiency we have noted may not be the only one, and counsel is encouraged to review *Anders* and Rule 4-3(b) for the requirements of a no-merit brief. *Toney v. State*, 2025 Ark. App. 3. Davis's counsel has fifteen days from the date of this opinion to file a substituted brief. *See* Ark. Sup. Ct. R. 4-4(g)(2)(C). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Davis, and he will have thirty days to raise any

---

[1]We additionally note that from the bench, the circuit court sentenced Davis to eight years' imprisonment and two years' suspended sentence for the revocation of his robbery conviction. In the no-merit brief, counsel discusses Davis's sentence from the court's oral ruling. However, the sentencing order reflects a sentence of only eight years' imprisonment with no suspended sentence. Although a reduction in sentence does not appear adverse to Davis, counsel should discuss the controlling sentence on rebriefing. *See Porter v. State*, 2020 Ark. App. 343.

pro se points pursuant to Rule 4-3(b)(2). In the event pro se points are submitted, the State will also be given an opportunity to file a response brief.

Rebriefing ordered; motion to withdraw denied.

GLADWIN and THYER, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellant.

One brief only.