Cite as 2025 Ark. App. 504

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CR-24-168

| | |
|---|---|
| LARRY DAVIS<br><br>APPELLANT<br><br>V.<br><br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered October 29, 2025<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NOS. 66CR-19-867, 66CR-19-982, 66CR-20-88, 66CR-20-131, AND 66CR-20-151]<br><br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**RAYMOND R. ABRAMSON, Judge**

This no-merit appeal returns to us after we ordered rebriefing in *Davis v. State*, 2025 Ark. App. 71. In this second attempt, Davis's counsel again seeks to withdraw, asserting that an appeal in the case would be wholly without merit. Counsel has filed another motion and brief, purportedly pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals. Because a deficiency remains, we again deny counsel's motion to withdraw and order rebriefing.

In the order for rebriefing in our previous opinion, we pointed out that the circuit court's bench ruling on Davis's sentence for the revocation of his robbery conviction differed from the sentencing order. *Davis*, 2025 Ark. App. 71, at 2 n.1. Specifically, from the bench,

the court sentenced Davis to eight years' imprisonment and two years' suspended sentence, but the sentencing order reflects a sentence of only eight years' imprisonment with no suspended sentence. In our previous opinion, we also pointed out that in his no-merit brief, counsel discussed the sentence from the court's bench ruling but not the sentence in Davis's sentencing order. *Id.* We stated that although a reduction in sentence does not appear adverse to Davis, counsel should discuss the discrepancy on rebriefing. *See id.* (citing *Porter v. State*, 2020 Ark. App. 343). However, counsel has again discussed the sentence from the bench ruling but not the sentencing order. Accordingly, we must order rebriefing.

The deficiency we have noted may not be the only one, and counsel is encouraged to review *Anders* and Rule 4-3(b) for the requirements of a no-merit brief. *Toney v. State*, 2025 Ark. App. 3. Davis's counsel has fifteen days from the date of this opinion to file a substituted brief. *See* Ark. Sup. Ct. R. 4-4(g)(2)(C). After counsel has filed the substituted brief, our clerk will forward counsel's motion and brief to Davis, and he will have thirty days to raise any pro se points pursuant to Rule 4-3(b)(2). In the event pro se points are submitted, the State will also be given an opportunity to file a response brief.

Rebriefing ordered; motion to withdraw denied.

VIRDEN and TUCKER, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellant.

One brief only.