Cite as 2026 Ark. App. 18

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-25-397

|  |  |  |
|---|---|---|
| BRODERICK PODOLAK | APPELLANT | Opinion Delivered January 14, 2026 |
|  |  | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-14-37] |
| V. |  |  |
|  |  | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| STATE OF ARKANSAS | APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE |

**CINDY GRACE THYER, Judge**

Appellant Broderick Podolak filed a notice of appeal from the Saline County Circuit Court's decision to revoke his probation and its imposition of a three-year sentence of imprisonment in a regional correction facility. Podolak's counsel, however, has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4-3(b)(1), asserting that an appeal would be wholly frivolous.[1] Because counsel has failed to follow the framework set forth in Rule 4-3(b)(1) and *Anders*, we order rebriefing and deny counsel's motion to withdraw.

---

[1]The clerk of this court mailed a copy of counsel's motion and brief to Podolak's last-known address informing him of his right to file pro se points for reversal, but he has not done so.

Rule 4-3(b)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Generally speaking, if a no-merit brief fails to address all the adverse rulings, rebriefing will be required. *Jeffries v. State*, 2022 Ark. App. 274. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief, resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

We note that, while counsel discussed the circuit court's revocation determination in his brief, he failed to adequately discuss the circuit court's denial of Podolak's request for a lesser sentence by explaining why the request for a lesser sentence provided no basis for a meritorious appeal. Such a denial is an adverse ruling that must be addressed in a no-merit brief. *See Gatewood v. State*, 2024 Ark. App. 445 (rebriefing ordered after counsel addressed only the *legality* of the sentence but not the adverse ruling that rejected the request for a lesser sentence.) As such, he has not satisfied his obligations under Rule 4-3(b)(1) or *Anders*.

Accordingly, Podolak's counsel has fifteen days from the date of this opinion to file a compliant substituted brief. *See* Ark. Sup. Ct. R. 4-4(g)(2)(C). Counsel is encouraged to review the record for any additional deficiencies so as to comply with *Anders* and the requirements of a no-merit brief under Rule 4-3(b)(1). *Toney v. State*, 2025 Ark. App. 3.

Rebriefing ordered; motion to withdraw denied without prejudice.

VIRDEN and BARRETT, JJ., agree.

*Nobles Law Firm, PLLC*, by: *Ethan C. Nobles*, for appellant.

One brief only.