Cite as 2026 Ark. App. 59

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-24-681

| | | |
|---|---|---|
| MARTHA JOHNSON | | Opinion Delivered February 4, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT |
| V. | | [NO. 26CR-23-38] |
| | | |
| STATE OF ARKANSAS | | HONORABLE RALPH C. OHM, |
| | APPELLEE | JUDGE |
| | | |
| | | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED WITHOUT PREJUDICE |

**RAYMOND R. ABRAMSON, Judge**

Martha Johnson appeals her conviction in the Garland County Circuit Court for first-degree murder. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b) of the Rules of the Arkansas Supreme Court and Court of Appeals, Johnson's attorneys have filed a motion to withdraw and a no-merit brief asserting that there are no issues of arguable merit to raise on appeal. Because Johnson's counsel's no-merit brief is not in compliance with *Anders* and Rule 4-3(b), we order rebriefing and deny counsel's motion to withdraw.

Rule 4-3(b)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal." Generally speaking, if a no-merit brief fails to address all

the adverse rulings, rebriefing will be required. *Jeffries v. State*, 2022 Ark. App. 274. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief, resulting in an incorrect decision on counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

The record demonstrates that counsel failed to address multiple issues. Specifically, counsel failed to address (1) the preemptive strikes occurring off the record; (2) the motion to suppress made by the defense but never ruled on; and (3) the circuit court's sustaining the State's objection to Johnson's questions of Sergeant Ford regarding gunshot residue.

Accordingly, Johnson's attorneys have fifteen days from the date of this opinion to file a compliant substituted brief.[1] *See* Ark. Sup. Ct. R. 4-4(g)(2)(C). The list of deficiencies we have noted should not be considered exhaustive, and counsel is encouraged to review *Anders* and Rule 4-3(b) for the requirements of a no-merit brief. *Toney v. State*, 2025 Ark. App. 3.

Rebriefing ordered; motion to withdraw denied without prejudice.

GLADWIN and BARRETT, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellant.

---

[1]We note that appellant's counsel also failed to reference *Anders*, *supra*, in their brief. While this is not fatal to their motion to withdraw, they have been previously advised that the better practice is to reference and apply *Anders* in their future no-merit appeals. *See Lopez v. State*, 2025 Ark. App. 368, at 5.

One brief only.