Cite as 2026 Ark. App. 116

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-24-168

| | |
|---|---|
| LARRY DAVIS<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered February 25, 2026<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NOS. 66FCR-19-867, 66FCR-19-982, 66FCR-20-88, 66FCR-20-131, 66FCR-20-151]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**RAYMOND R. ABRAMSON, Judge**

Larry Davis appeals the Sebastian County Circuit Court's order revoking his suspended sentences. Davis's counsel has now filed a motion to be relieved as counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), alleging that this appeal is without merit. Counsel also filed an accompanying brief. Davis was provided a copy of his counsel's brief and motion, but he did not file any pro se points for reversal; thus, the State did not file a responsive brief.

From our review of the record and the brief presented, we hold that counsel's brief complies with the directives of *Anders* and Rule 4-3(b)(1) and that no issues of arguable merit

support an appeal. Accordingly, we affirm the revocation of Davis's suspended sentences and grant counsel's motion to withdraw.[1]

On September 17, 2020, Davis pled guilty and was sentenced as a habitual offender to two years' imprisonment and a thirteen-year suspended sentence for possession of methamphetamine under Arkansas Code Annotated section 5-64-419(b)(1)(a) (Repl. 2016); two years' imprisonment and a thirteen-year suspended sentence for possession of drug paraphernalia under Arkansas Code Annotated section 5-64-443(c) (Supp. 2019); two years' imprisonment and a thirteen-year suspended sentence for possession of drug paraphernalia under Arkansas Code Annotated section 5-64-443(a)(2); two years' imprisonment and a four-year suspended sentence for possession of methamphetamine under Arkansas Code Annotated section 5-64-419(b)(1)(a); two years' imprisonment and a four-year suspended sentence for possession of drug paraphernalia under Arkansas Code Annotated section 5-64-443(c); two years' imprisonment and a thirteen-year suspended sentence for possession of drug paraphernalia under Arkansas Code Annotated section 5-64-443(d); and ten years' imprisonment and a ten-year suspended sentence for robbery under Arkansas Code Annotated section 5-12-102(a) (Repl. 2013).

---

[1]This is the third time this case has been before this court. We first ordered rebriefing because counsel did not address an adverse ruling. *See Davis v. State*, 2025 Ark. App. 71. We additionally noted that counsel discussed the court's sentence from its bench ruling but not the sentence in Davis's sentencing order, and we directed counsel to discuss the controlling sentence in rebriefing. *Id.* at 2 n.1. In the second appeal, we again ordered rebriefing because counsel did not comply with our directive to discuss the discrepancy in the bench ruling and the sentencing order. *See Davis v. State*, 2025 Ark. App. 504.

On November 9, 2023, the State petitioned to revoke Davis's suspended sentences. The State alleged that on November 5, Davis committed third-degree domestic battery, third-degree domestic battery on a family or household member, refusal to submit to an arrest, and fleeing on foot. The State also alleged that Davis admitted to ingesting fentanyl.

On February 15, 2024, the court held a revocation hearing. At the beginning of the hearing, Davis requested a thirty-day continuance to retain private counsel. He stated that he was waiting on funds but that he had spoken with a specific attorney. The court responded that Davis's current attorney could represent him well, and it gave Davis the option to proceed with his current attorney or represent himself. Davis elected to proceed with his current attorney.

The State then introduced Davis's guilty pleas in district court from February 5, 2024, for refusal to submit to arrest, fleeing on foot, and third-degree battery.

Officer Jodie Pyle testified that she assisted officers in a response to a domestic-battery call involving Davis when Davis fled on foot but that officers eventually restrained him. She stated that she spoke with the alleged victim and that she had a large welt on her eye that was "fresh" and "still swelling." The victim reported that Davis had punched her in the face.

Pyle further testified that while she spoke with the victim, Davis began to thrash and scream in the patrol car. She testified that she went to the patrol car and Davis stated that he had taken fentanyl pills. She noted, however, that Davis did not appear to have the typical overdose reaction. She later learned that Davis had consumed methamphetamine. Pyle also

testified that Davis was transported to the hospital and that he told another officer that he hit the victim.

The victim testified at the revocation hearing. She stated that Davis is her fiancé and that they have a great relationship. She acknowledged reporting to officers that Davis had hit her, but she explained that they had been arguing, and she could not recall whether Davis punched her or she "got hit with something."

At the conclusion of the hearing, the court revoked Davis's suspended sentences. On February 23, 2024, the court entered a sentencing order in which it sentenced Davis to eight years' imprisonment and a two-year suspended sentence for possession of methamphetamine; eight years' imprisonment and a two-year suspended sentence for possession of drug paraphernalia; eight years' imprisonment and a two-year suspended sentence for possession of drug paraphernalia; four years' imprisonment for possession of methamphetamine; four years' imprisonment for possession for drug paraphernalia; eight years' imprisonment and a two-year suspended sentence for possession of drug paraphernalia; and eight years' imprisonment for robbery. This no-merit appeal followed.

A no-merit appeal requires that the argument section of counsel's brief contain a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests together with an explanation as to why each is not a meritorious ground for reversal. *Skaggs v. State*, 2023 Ark. App. 325, 670 S.W.3d 811. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief (which could result in an incorrect decision

4

on counsel's motion to withdraw). *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after fully examining all the proceedings. *Id.*

The first adverse ruling occurred when the court denied Davis's motion for continuance in order to hire private counsel on the day of the revocation hearing. The denial of a motion for a continuance is reviewed for abuse of discretion. *Davis v. State*, 2019 Ark. App. 502, 588 S.W.3d 790. To warrant reversal, an appellant must not only demonstrate that the circuit court abused its discretion in denying the continuance but also show prejudice from the denial of the continuance that amounts to a denial of justice. *Id.*

In this case, we agree with counsel that an appeal of the circuit court's denial of Davis's request for a continuance would be wholly frivolous. The right to counsel of one's choice, we note, is not absolute and may not be used to frustrate the orderly administration of justice. *Reece v. State*, 2024 Ark. App. 559, 700 S.W.3d 514. Lack of diligence supports the denial of a motion for continuance. *Id.* (citing *McCauley v. State*, 2023 Ark. 68, 663 S.W.3d 383).

The other adverse ruling was the revocation itself. In revocation proceedings, the State has the burden of proving by a preponderance of the evidence that a defendant violated the terms of his suspended sentence as alleged in the revocation petition, and we will not reverse the circuit court's decision to revoke a suspended sentence unless it is clearly against the preponderance of the evidence. *Mathis v. State*, 2021 Ark. App. 49, 616 S.W.3d 274. The State need only show that the appellant committed one violation to sustain a revocation. *Id.*

5

Counsel is again correct that there is no basis for reversal of the revocation. The State introduced Davis's guilty pleas for refusal to submit to arrest, fleeing on foot, and third-degree battery, and Officer Pyle also testified about the events that resulted in his pleas.

Counsel also notes that Davis filed a pro se letter with the circuit court following the revocation hearing. In the letter, Davis requested an appeal and that his bond be reinstated during the appeal. He also complained about his appointed counsel and reiterated his request to continue the revocation hearing to obtain private counsel. He asserted that he had told his counsel "for weeks" that he wanted a new attorney, and he claimed that his Sixth Amendment rights had been violated. He further asserted that the circuit court judge was biased when he referenced his dislike of domestic-violence offenses at the conclusion of the revocation hearing.

Counsel is correct that the letter does not present a ground for reversal because the circuit court did not issue a ruling on Davis's complaints. To preserve a point for appellate review, a party must obtain a ruling from the circuit court. *Proctor v. State*, 349 Ark. 648, 79 S.W.3d 370 (2002). Matters left unresolved are waived and may not be raised on appeal. *Id.* Even so, we again note that the right to counsel of one's choice is not absolute and may not be used to frustrate the orderly administration of justice. *Reece*, 2024 Ark. App. 559, 700 S.W.3d 514. Further, as to Davis's complaints about the circuit court's bias, he has not shown any facts or evidence that the circuit court's actions were biased or prejudiced against him. *See McKinney v. State*, 2019 Ark. App. 347, 583 S.W.3d 399. We also note that our

affirmance of the revocation moots the appeal-bond issue. *Hodnett v. State*, 2023 Ark. App. 336, 669 S.W.3d 885.

Accordingly, from our review of the record and the brief submitted by Davis's counsel, we find that there has been compliance with Arkansas Supreme Court Rule 4-3(b), and the appeal is wholly without merit. We therefore affirm the revocation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

THYER and BROWN, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellant.

One brief only.