Cite as 2026 Ark. App. 325

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-25-613

| | | |
|---|---|---|
| DEDRIC PATTERSON | | Opinion Delivered: May 20, 2026 |
| | APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-24-45] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CANDICE A. SETTLE, JUDGE |
| | APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

**CASEY R. TUCKER, Judge**

This is a no-merit appeal filed on behalf of Dedric Patterson following the circuit court's revocation of his probation. Patterson's counsel filed a timely notice of appeal followed by a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b) (2023), along with a motion to be relieved as counsel asserting that there is no issue of arguable merit on appeal. The clerk of the court mailed Patterson a copy of counsel's no-merit brief and was advised he had thirty days from the date the brief was filed to file pro se points for reversal. Ark. Sup. Ct. R. 4-3(b)(2). Appellant provided no pro se points for reversal, so the State filed no response. We deny counsel's motion to withdraw and order rebriefing.

In October 2024, Patterson entered a negotiated guilty plea to the crime of third-degree domestic battery second offense, a Class D felony. He was given a sentence of 120

twenty days in the Crawford County Detention Center with an additional five years of probation subject to certain conditions of behavior. The State filed a petition to revoke on March 11, 2025, and an amended petition to revoke on June 3 in which the State alleged that Patterson violated the terms of his probation and more specifically stated:

> That as of March 11, 2025, the Defendant had failed to abide by the terms and conditions of probation by failing to report to the probation office, failing to provide proof of employment or education enrollment, failed to provide a valid residence and is delinquent in supervision fees in the amount of $70. That as of June 3, 2025, the Defendant has failed to make any payments towards his fines, costs and fees leaving an unpaid balance of $3,400. Said conduct is in violation of the terms and conditions of his probation/suspended sentence and the Order of this Court.

The revocation hearing was conducted on June 17. Deborah Martin, the financial coordinator for the Crawford County prosecutor's office, testified that Patterson had failed to pay the $2,500 fine, $150 court costs, $40 booking fee, and $250 DNA fee he agreed to pay as a condition of his probation. Martin testified that Patterson agreed to pay $65 a month towards these fees, fines and costs beginning on March 3, 2025, but Patterson failed to make any payments. Daisy Lear, the parole and probation officer assigned to Patterson's case, testified that Patterson never reported for intake, failed to provide a valid address and proof of employment, and never paid the $105 supervision fee due at the time of the revocation hearing. Since Lear had no contact information for Patterson, a petition to revoke was filed.

During closing remarks, the State asked the court "to revoke him, give him the six years, satisfy the fines and costs, and send him on his way." Patterson's counsel requested

leniency in sentencing given it was his first felony offense, and the sentencing guidelines allow "CCC[1] or alternative sentencing." Patterson's counsel asked that he be sentenced to "either 90 or 180 days in County and then restart probation." The State responded that probation was the only possible alternative under the guidelines, and because of Patterson's noncompliance with probation, it urged the court to sentence him to six years' incarceration. The circuit court found that Patterson had violated the terms and conditions of his probation because "he's not paid any of the fine and court costs, he's failed to report to DCC, he's not paid any of their fees, he did not sign up for the Domestic Violence Intervention Program as the Court ordered." . . . "[H]e's basically not done a single thing this Court has ordered him to do." The circuit court sentenced Patterson to six years in the Arkansas Division of Correction and, in exchange, satisfied his court costs and fines. He received twenty-nine days of jail credit for time served. A sentencing order was filed on June 18, 2025, and this timely appeal followed.

A no-merit appeal requires that the argument section of counsel's brief contain a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests together with an explanation as to why each is not a meritorious ground for reversal. *Skaggs v. State*, 2023 Ark. App. 325, 670 S.W.3d 811. The requirement for briefing every adverse ruling ensures that the due-process concerns in *Anders* are met and prevents the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on

---

[1]"CCC" is a Community Correction Center.

counsel's motion to withdraw. *Id.* Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

We note that, while counsel discussed the circuit court's revocation and the legality of the sentence in his brief, he failed to adequately address and explain why the circuit court's denial of Patterson's request for "CCC or alternative sentencing" provides no basis for a meritorious appeal. The circuit court's denial of Patterson's request for an alternative sentence constitutes an adverse ruling. *See Gatewood v. State*, 2024 Ark. App. 445; *Podolak v. State*, 2026 Ark. App. 18. Thus, pursuant to *Anders* and Rule 4-3(b)(1), counsel was required to address that denial in his no-merit brief. *Anders*, *supra.*

We order rebriefing to address this issue. Accordingly, we order appellate counsel to cure these deficiencies by filing a substituted brief within fifteen days from the date of this opinion. If a substituted no-merit brief is filed, our clerk will forward counsel's motion and brief to appellant, and he will have thirty days within which to raise any pro se points in accordance with Rule 4-3. The State will likewise be given an opportunity to file a responsive brief if pro se points are made.

Rebriefing ordered; motion to withdraw denied without prejudice.

KLAPPENBACH, C.J., and WOOD, J., agree.

*Robert M. "Robby" Golden*, for appellant.

One brief only.

4